JOHN A. AND DORIS L. COULTER, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Coulter v. Commissioner
Docket No. 8689-82.
United States Tax Court
T.C. Memo 1983-19; 1983 Tax Ct. Memo LEXIS 768; 45 T.C.M. (CCH) 505; T.C.M. (RIA) 83019; January 12, 1983. John A. Coulter, pro se. Sara W. Dalton, for the respondent. DAWSON
MEMORANDUM OPINION DAWSON, Judge: Respondent determined a deficiency of $2,133.72 in petitioners' Federal income tax for the year 1978 and an addition to tax of $106.68 under section 6653(a). [1]
At issue are (1) whether petitioners are entitled to a claimed Schedule C business loss and to income averaging for 1978; and (2) whether they are liable for the addition to tax under section 6653(a). *769 No facts have been stipulated by the parties. On November 26, 1982, respondent filed a motion for an order for petitioners to show cause why certain proposed facts and evidence should not be accepted for the purposes of this case. Petitioners were ordered to show cause on December 6, 1982. They filed a response on that date which reads, in part, as follows: 1. Paragraphs two (2) of Respondent's motion can not be verified unless Petitioners waive their Fifth Amendment Rights. We were never told how to proceed or how we could comply from respondents. 2. We the Petitioners agree with paragraph three (3); all issues set forth in the statutory notice of Deficiency dated Jan. 22, 1982 are in dispute. 3. Petitioners cannot comply with T.C. Rule 91 (A) because to do so may possibly self incriminate or tend to incriminate petitioners. We have no intentions of turning over our personal files and papers to the Respondent in order that he may prove his allegations as set forth in the statutory notice of Deficiency. Petitioners rely on the good faith of Boyd in the case of Boyd v. U.S. decided by the Supreme Court on Feb. 1, 1886. Petitioners have told counsel for Respondent *770 that they would rely on a good faith Fifth Amendment Plea, during phone conversation. This is why a meeting between Petitioners and Counsel for Respondent never materalized. Respondent wanted Petitioners to bring in personal records and files to stipulate facts. 4. Petitioners rely upon the Tax Reform Act of 1976 section 7609 of the I.R. Code. Violation of this Tax Reform Act and section 7609 of I.R. Code is the reason why we were audited according to the Internal Revenue Service. The Court deems the response to be insufficient and therefore the order to show cause has been made absolute. The facts set forth in Exhibits A through C to respondent's motion are accepted as established for the purposes of this case. Petitioners were residents of Round Rock, Texas, at the time they filed their petition herein. They timely filed a joint Federal income tax return for the year 1978. The return was prepared by James M. Damon of Austin, Texas, who was convicted on April 28, 1981, in the United States District Court for the Western District of Texas, Austin Division, of preparing false and fraudulent returns in violation of section 7206(2) of the Code. Mr. Damon would have taxpayers, *771 who were wage earners, report self-employment business income and deductions on Schedule C of Form 1040 incorrectly reflecting substantial business losses. During 1978 John A. Coulter was employed by TexasUtilities Generating Company and Aluminum Company of America, and Doris L. Coulter was employed by K Mart Corporation. Neither petitioner was self-employed. The deductions claimed by them on Schedule C of their Form 1040 were disallowed by respondent and the income averaging was not allowed because petitioners did not verify the taxable amounts in prior years. When the case was called for trial the petitioners offered no evidence in support of the assignments of error alleged in their petition. Instead, they argued that (1) section 7609 was violated, (2) their Fourth Amendment rights were violated, and (3) their Fifth Amendment rights were violated. There is no evidence in this record as to any violation of section 7609 relating to special procedures for third-party summonses. There is also no evidence that petitioners' Fourth Amendment rights have been violated. The audit of their Federal income tax returns constitutues no invasion of privacy or unlawful search or *772 seizure. Cf. Edwards v. Commissioner,680 F.2d 1268, 1270 (9th Cir. 1982). We reject petitioners' Fifth Amendment claim. The privilege against self-incrimination under the Fifth Amendment to the United States Constitution does not apply where the possibility of criminal prosecution is remote or unlikely, and remote or speculative possibilities of prosecution for unspecified crimes are not sufficient. Rechtzigel v. Commissioner,79 T.C. 132 (1982), on appeal (8th Cir., Aug. 30, 1982); Reiff v. Commissioner,77 T.C. 1169, 1174 (1981); Burns v. Commissioner,76 T.C. 706 (1981); Wilkinson v. Commissioner,71 T.C. 633, 637-638 (1979); Ryan v. Commissioner,67 T.C. 212, 217 (1976), affd. 568 F.2d 531, 539 (7th Cir. 1977); Roberts v. Commissioner,62 T.C. 834, 837-838 (1974); Figueiredo v. Commissioner,54 T.C. 1508, 1511-1512 (1970), affd. in an unpublished order (9th Cir., March 14, 1973). Here the Court is satisfied that any possible danger of self-incrimination for a tax or nontax crime is so remote and so speculative that it cannot *773 support a Fifth Amendment claim. We also think their Fifth Amendment claim is frivolous since respondent's counsel represented to the Court that no criminal tax prosecution of petitioners has been recommended and no such action is contemplated. [2] See Edwards v. Commissioner,supra;United States v. Johnson,577 F.2d 1304, 1311 (5th Cir. 1978); and Watson v. Commissioner,690 F.2d 429 (5th Cir. 1982). Petitioners have the burden of proving that respondent's determination in regard to the deficiency and addition to tax is incorrect. Welch v. Helvering,290 U.S. 111 (1933); Rule 142(a), Tax Court Rules of Practice and Procedure. They have introduced no evidence and they have failed to carry their burden. Therefore, we sustain respondent's determination in all respects. Decision *774 will be entered for the respondent.
Footnotes
1. All section references are to the Internal Revenue Code of 1954, as amended and in effect for the year in issue, unless otherwise indicated.↩
2. After this case was submitted the petitioners filed a motion for an in-camera review of their records by the Court in their effort to justify the assertion of their Fifth Amendment privilege. The motion was denied on the authority of In re U.S. Hoffman Can Corp.,373 F.2d 622, 628-629↩ (3d Cir. 1967).