JOHN A. AND DORIS L. COULTER, PETITIONERS *v.*
COMMISSIONER OF INTERNAL REVENUE, RESPONDENT

Docket No. 5489–83.　Filed April 4, 1984.

John A. Coulter, pro se.
*Sara W. Dalton,* for the respondent.

OPINION

PARKER, *Judge*: Respondent determined deficiencies in and additions to petitioners' Federal income tax for their 1979 and 1980 taxable years as follows:

| Year | Deficiency | Additions to tax | |
|---|---|---|---|
| | | Sec. 6651(a)[1] | Sec. 6653(a) |
| 1979 | $592.00 | $29.60 | $282.35 |
| 1980 | 4,925.72 | 0 | 246.28 |

The issues for decision are (1) whether petitioners are entitled to itemized deductions in 1979 and 1980 in an amount exceeding those allowed by respondent; (2) whether petitioners are entitled to a claimed business loss for their 1980 taxable year; (3) whether petitioners are liable for self-employment tax for their 1980 taxable year; (4) whether petitioners are liable for an addition to tax under section 6651(a) for their 1979

---

[1]Unless otherwise indicated, all section references are to the Internal Revenue Code of 1954 as amended and in effect during the taxable years in issue.

taxable year for failure timely to file their tax return for that year; and (5) whether petitioners are liable for an addition to tax under section 6653(a) for negligence for their 1979 and 1980 taxable years.

Petitioners resided in Round Rock, Tex., when they filed their original petition herein. Petitioners resided in Thrall, Tex., when they filed their Motion for Leave to Amend their original petition and Amended Petition herein. For convenience, the term petitioner in the singular will hereinafter be used to refer solely to John A. Coulter.

Petitioners filed joint U.S. Individual Income Tax Returns, Forms 1040, for their 1979 and 1980 taxable years, claiming excess Schedule A itemized deductions in the amounts of $1,872 and $6,874 for 1979 and 1980, respectively, and a Schedule C business loss in the amount of $8,581 for their 1980 taxable year. By a statutory notice of deficiency dated December 8, 1982, respondent disallowed these deductions and the business loss on the ground that petitioners had failed to substantiate these items. Respondent also asserted the additions to tax at issue herein. On March 13, 1983, petitioners filed a timely petition with this Court, contesting respondent's determination of the deficiencies and additions to tax, and further asserting that the Fifth Amendment protected petitioner from answering specific questions about and producing supporting documentation relating to the deductions and business loss at issue herein.

On October 28, 1983, a notice setting the case for trial was served by the Court. Accompanying that notice was the trial judge's instructions to the parties, directing various pretrial preparations. The parties' attention was specifically directed to Rule 91, Tax Court Rules of Practice and Procedure, relating to stipulations for trial. That notice to the parties clearly directed that all facts were to be stipulated to the maximum extent possible.

When the case was called from the calendar for trial on Monday, January 23, 1984, the Court was informed by respondent's counsel that petitioner had completely failed to cooperate in stipulating facts or in producing the pertinent documents, continuing to assert that the Fifth Amendment protected him from such disclosure. Petitioner was thereupon informed by the Court that even assuming his Fifth Amendment

claim to be valid, petitioner still had the burden of proof as to respondent's determinations and he could not rely on his Fifth Amendment claim to meet or carry that burden in this civil tax proceeding.[2] The case was then scheduled to be recalled from the calendar at a later date to give petitioner a further opportunity to produce the necessary documents and enter into stipulations, which the petitioner was strongly urged by the Court to do.

The case was recalled from the calendar on Wednesday, January 25, 1984, to determine the parties' progress in their trial preparations. Respondent's counsel informed the Court that the parties had met, but petitioner had persisted with his Fifth Amendment claim, thus no stipulations had been entered into, nor had any documentation been produced. The Court once again informed petitioner that even a valid Fifth Amendment claim was insufficient to remove or alter his burden of proof herein and warned petitioner that the Court was seriously considering imposing damages under section 6673 since petitioner's Fifth Amendment claim seemed frivolous and was apparently being used merely to delay the proceedings in this case. In a further attempt to allow petitioner to enter into stipulations and produce the necessary documents, the case was once again placed on the calendar to be recalled for trial at a later date.

The case was recalled from the calendar for the final time on Friday, January 27, 1984. The Court was informed that petitioner had continued his refusal to enter into stipulations and produce documentation, still relying upon his Fifth Amendment claim. Petitioner at this time also filed his motion for leave to amend the petition, which was granted, and an amended petition was filed with the Court.[3] In the amended

---

[2]The Court read to petitioner the following language from *Steinbrecher v. Commissioner*, 712 F.2d 195, 198 (5th Cir. 1983), affg. T.C. Memo. 1983–12:

"In any event, the taxpayers may not use the fifth amendment privilege, even when properly invoked, to meet their burden of proof in civil proceedings they have instituted. * * * Even if production of evidence may in fact incriminate a taxpayer, a party is not allowed to use the fifth amendment protection as a 'sword whereby a claimant asserting the privilege would be freed from adducing proof in support of a burden which would otherwise have been his.' * * * [Citations omitted.]"

[3]Petitioner also made oral motions to dismiss the petition on the ground that respondent had failed timely to answer the original petition and for a jury trial, both of which were denied by the Court as frivolous. Respondent's answer to the original petition was timely filed. Rule 36(a), Tax Court Rules of Practice and Procedure. There is no constitutional right to a jury trial in the Tax

petition, in addition to renewing his Fifth Amendment claim, petitioner also asserted a Fourth Amendment claim and requested a grant of immunity from prosecution for any testimony given by petitioner. Respondent's counsel orally answered the amended petition, denying all newly raised allegations therein. The Court advised petitioner that the Tax Court is not authorized to grant immunity,[4] that his Fourth Amendment claim was frivolous,[5] and that he had the burden of proof to substantiate the itemized deductions and business loss he had claimed on his returns. Petitioner instead renewed his Fifth Amendment arguments.

Petitioner has at no time been notified that he is the target of any grand jury proceeding or any other criminal investigation. Respondent's counsel, upon the Court's inquiry, confirmed that petitioner is not currently the subject of any criminal tax investigation, nor has he ever been. When questioned by the Court, neither petitioner nor his witness could produce any information to suggest that petitioner was or had ever been under investigation for any tax or nontax crime.

Petitioner is not a stranger in this Court. He has appeared before, asserting the same Fourth and Fifth Amendment claims, albeit with respect to a different taxable year. In *Coulter v. Commissioner*, T.C. Memo. 1983-19 (filed January 12, 1983), we rejected these same claims, stating:

There is also no evidence that petitioners' Fourth Amendment rights have been violated. The audit of their Federal income tax returns constitutes no invasion of privacy or unlawful search or seizure. Cf. *Edwards v. Commissioner*, 680 F.2d 1268, 1270 (9th Cir. 1982).

We reject petitioners' Fifth Amendment claim. The privilege against self-incrimination under the Fifth Amendment to the United States Constitution does not apply where the possibility of criminal prosecution is remote or unlikely, and remote or speculative possibilities of prosecution for unspecified crimes are not sufficient. *Rechtzigel v. Commissioner*, 79 T.C. 132 (1982),

---

Court. *Phillips v. Commissioner*, 283 U.S. 589, 599 n. 9 (1931); *Lonsdale v. Commissioner*, 661 F.2d 71, 72 (5th Cir. 1981), affg. a Memorandum Opinion of this Court; *Dorl v. Commissioner*, 507 F.2d 406 (2d Cir. 1974), affg. 57 T.C. 720 (1972).

[4]18 U.S.C. secs. 6001–6005 (1982); *McCoy v. Commissioner*, 696 F.2d 1234 (9th Cir. 1983), affg. 76 T.C. 1027 (1981); *Hartman v. Commissioner*, 65 T.C. 542, 547–548 (1975).

[5]In *Edwards v. Commissioner*, 680 F.2d 1268, 1270 (9th Cir. 1982), affg. a Memorandum Opinion of this Court, the Court of Appeals succinctly disposed of this argument, saying "Requiring taxpayers, who institute civil proceedings protesting deficiency notices, to produce records or face dismissal constitutes no invasion of privacy or unlawful search or seizure." See also *McCoy v. Commissioner, supra.*

on appeal (8th Cir., Aug. 30, 1982); *Reiff v. Commissioner*, 77 T.C. 1169, 1174 (1981); *Burns v. Commissioner*, 76 T.C. 706 (1981); *Wilkinson v. Commissioner*, 71 T.C. 633, 637–638 (1979); *Ryan v. Commissioner*, 67 T.C. 212, 217 (1976), affd. 568 F.2d 531, 539 (7th Cir. 1977); *Roberts v. Commissioner*, 62 T.C. 834, 837–838 (1974); *Figueiredo v. Commissioner*, 54 T.C. 1508, 1511–1512 (1970), affd. in an unpublished order (9th Cir., March 14, 1973). Here the Court is satisfied that any possible danger of self-incrimination for a tax or nontax crime is so remote and so speculative that it cannot support a Fifth Amendment claim. We also think their Fifth Amendment claim is frivolous since respondent's counsel represented to the Court that no criminal tax prosecution of petitioners has been recommended and no such action is contemplated. See *Edwards v. Commissioner, supra; United States v. Johnson*, 577 F.2d 1304, 1311 (5th Cir. 1978); and *Watson v. Commissioner*, 690 F.2d 429 (5th Cir. 1982). [45 T.C.M. 505, at 507, 52 P-H Memo T.C. par. 83, 019, at p. 66–83; fn. ref. omitted.]

We reach the same result here for the same reasons. The passage of time has not made these stale arguments any less frivolous.

Moreover, in *Coulter* I, petitioner's tax return had been prepared by James M. Damon of Austin, Tex., who was convicted on April 28, 1981, in the U.S. District Court for the Western District of Texas, Austin Division, of preparing false and fraudulent tax returns in violation of section 7206(2) of the Internal Revenue Code. Respondent does not contend that Mr. Damon prepared the tax returns involved in the present case, nor is there any evidence in the record to suggest that Mr. Damon was the return preparer.

Petitioner has the burden of proving that respondent's determination respecting the deficiencies and additions to tax is incorrect. *Welch v. Helvering*, 290 U.S. 111 (1933); Rule 142(a), Tax Court Rules of Practice and Procedure. Despite repeated encouragement by the Court and the granting of every opportunity to do so, petitioner has introduced no evidence and has failed to carry his burden. Therefore, we sustain respondent's determination in all respects.

Petitioner was advised several times during the proceedings herein of this Court's authority to impose damages in an amount up to $5,000 "Whenever it appears to the Tax Court that proceedings before it have been instituted or maintained by the taxpayer primarily for delay or that the taxpayer's position in such proceedings is frivolous or groundless."[6]

---

[6]See sec. 6673, as amended by sec. 292(b) of the Tax Equity and Fiscal Responsibility Act of 1982,

Despite these warnings petitioner continued to advance his frivolous claims, even though he knew from the previous decision against him that such claims were meritless. The opinion in *Coulter* I was filed on January 12, 1983, well before the original petition in this case was filed with the Court on March 14, 1983. Moreover, subsequent to the entry of the previous decision against him, petitioner, on April 14, 1983, filed a document with this Court, which was treated as a motion to vacate decision that stated, in part, that:

> petitioners recognize that they indeed had the burden of proof * * * and that their assertions of the Fifth Amendment in this type of civil setting was [sic] improper. They recognize their obligations to stipulate to the fullest extent possible all facts which can reasonably be agreed to under Tax Court Rule 91, and they recognize their obligation to go foreward [sic] with the evidence on those issues which have not been stipulated under Tax Court Rule 142. * * *

However, not withstanding petitioner's clear understanding of his obligations and his understanding that the claims asserted by him were frivolous, petitioner continued to reiterate these and other frivolous arguments in this second case in the Tax Court. It is therefore evident that the proceedings in this case were instituted or maintained primarily for delay and that the taxpayer's position is frivolous or groundless.

At the close of the trial proceedings herein, petitioner was informed of the Court's intention, on its own motion, to impose section 6673 damages in the amount of $2,000. However, upon further reflection and review of the record herein, as detailed above, we think that damages in the maximum amount of $5,000 are entirely appropriate in this case. To reiterate what we recently said:

> When the costs incurred by this Court and respondent are taken into consideration, the maximum damages authorized by the statute do not begin to indemnify the United States for the expenses which petitioner's frivolous and groundless action has occasioned. Considering the waste of limited judicial and administrative resources caused by petitioner's action, even the maximum damages authorized by Congress are wholly inadequate to compensate the United States and its other taxpayers. These costs must eventually be borne by all of the citizens who honestly and fairly participate in our tax collection system. [*Abrams v. Commissioner*, 82 T.C. 403, 412–413 (1984).]

---

Pub. L. 97–248, 96 Stat. 574, applicable to any action or proceeding commenced in the Tax Court after Dec. 31, 1982.

Therefore, in our discretion, we conclude that the maximum damages authorized by law are appropriate, and damages in the amount of $5,000 will be awarded to the United States under section 6673.

*Decision will be entered for the respondent.*