CAREY ALLEN FRANKLIN, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Franklin v. Commissioner
Docket No. 9780-83.
United States Tax Court
T.C. Memo 1985-603; 1985 Tax Ct. Memo LEXIS 27; 51 T.C.M. (CCH) 83; T.C.M. (RIA) 85603; December 11, 1985. John Lock and Marlene K. Sparkman, for the petitioner. Sheri A. Wilcox, for the respondent. STERRETT
MEMORANDUM OPINION STERRETT, Chief Judge: This case was assigned to Special Trial Judge Lee M. Galloway pursuant to section 7456(c) and (d), [1] General Order No. 8, 81 T.C. XXIII (1983), and Rules 180 and 181, Tax Court Rules of Practice and Procedure. The Court agrees with and adopts his opinion which is set forth below. *28 OPINION OF THE SPECIAL TRIAL JUDGE GALLOWAY, Special Trial Judge: On October 31, 1983, respondent filed a motion to dismiss petitioner's amended petition for failure to state a claim upon which relief can be granted under Rules 40 and 123(b).After a review of the file, respondent's motion was granted. In our order entered January 31, 1984, we held: 1. That there is a deficiency in income tax due from petitioner in the amount of $6,638.00 for the taxable year 1981. 2. That damages are due from petitioner which are hereby awarded to the United States in the amount of $5,000 pursuant to section 6673, Internal Revenue Code of 1954, as amended. On February 28, 1984, petitioner filed a document captioned "Motion For Reconsideration" under Rule 161. Since petitioner requests this Court "to give the parties leave to determine taxpayer's true and correct tax liability for 1981" and to vacate our award of $5,000 damages to the United States, petitioner's motion is deemed filed under Rule 162 as a "Motion To Vacate Or Revise Decision." Respondent filed a Notice of Objection and attached exhibits in support of his objection on April 12, 1984, and we granted *29 petitioner's leave to file a Response To Notice Of Objection on June 28, 1984. We consider first petitioner's request that the parties be allowed to redetermine petitioner's tax liability for 1981. We have carefully examined the record with respect to this issue, which includes petitioner's vague self-serving suggestions that he is entitled to a reduced tax liability based on additional deductions. However, the only documentary evidence [2] in the file with respect to this issue was submitted not by petitioner, but by respondent, as part of his notice of objection. *30 On his 1981 and 1980 returns, petitioner used a San Saba, [3]Texas, post office box. Petitioner's 1979 joint tax return contained a residence address in Harker Heights, Texas. We note that petitioner did not claim itemized deductions on either his 1980 single return prepared by the C.P.A. or his 1979 joint return prepared and signed by petitioner and his wife. The simple answer to this issue is that petitioner has not furnished us with any information concerning unclaimed itemized or other deductions which would warrant a recomputation of his tax liability. Petitioner had ample opportunity to furnish evidence with respect to calculation of a reduced tax liability when he replied to respondent's objection. Since petitioner failed to do so, we conclude that any information in petitioner's possession relating to a reduction of his tax liability would have been unfavorable, if produced. See Wichita Terminal Elevator Co. v. Commissioner,6 T.C. 1158, 1165 (1946), affd. 162 F.2d 513 (10th Cir. 1947). Accordingly, we deny petitioner's motion as it relates to a requested redetermination of petitioner's tax liability. *31 As we view it, petitioner's motion to vacate or revise was filed for the primary purpose of attempting to secure an order vacating our award of damages totaling $5,000 to the United States under section 6673. The procedural history of this case prior to our damage award is as follows. Respondent determined a deficiency of $6,638 in petitioner's 1981 Federal income tax and mailed a notice of deficiency to petitioner on January 26, 1983. On April 22, 1983, petitioner mailed a properly addressed letter to this Court which we received on April 28, 1983, and filed as a timely imperfect petition. On May 2, 1983, we issued an Order For Proper Petition and Filing Fee and mailed it to petitioner with a form amended petition, with instructions that an amended petition and filing fee be submitted by July 5, 1983. Petitioner prepared and signed the amended petition on July 1, 1983. The amended petition was not mailed to the Tax Court, but to the Internal Revenue Service Center, Austin, Texas, where it was received on July 5, 1983, and later forwarded by the service center to respondent's District Counsel in Houston. Respondent's District Counsel returned the amended petition to petitioner *32 on August 23, 1983, with instructions to file that document with the Clerk of this Court. We received and filed petitioner's amended petition [4] on September 14, 1983, and vacated our prior order dated August 18, 1983, wherein we dismissed petitioner's case for failure to properly prosecute. After respondent filed his October 31, 1983, motion to dismiss petitioner's amended petition, we reviewed the amended petition and on November 3, 1983, ordered petitioner to file, on or before December 15, 1983, "a proper second amended petition which conforms to the requirements of Rule 34(b), or file a notice of objection to respondent's * * * motion." Petitioner responded timely with a protester-type 2-page second amended petition, [5] which no more satisfied the requirements of Rule 34(b)(4) and (5) than had his first amended petition. Thereafter, we granted respondent's motion to dismiss petitioner's amended petition for failure to state a claim upon which relief can be granted and awarded respondent, on our own motion, damages of $5,000 pursuant to section 6673. *33 Congress expressed its desire to stem "the ever-increasing caseload of the Tax Court "when it amended section 6673 and made that amendment applicable "to Tax Court cases begun on or after January 1, 1983." [6]
Section 6673, as amended, and as applicable to this case, provides- Whenever it appears to the Tax Court that proceedings before it have been instituted or maintained by the taxpayer primarily for delay or that the taxpayer's position in such proceedings is frivolous or groundless, damages in an amount not in excess of $5,000 shall be awarded to the United States by the Tax Court in its decision. Damages so awarded shall be assessed at the same time as *34 the deficiency and shall be paid upon notice and demand from the Secretary and shall be collected as a part of the tax. Congress has thus authorized us to use our discretion in this proceeding to determine: (1) whether petitioner has instituted or maintained his action before this Court primarily for delay, (2) whether petitioner's position in the proceeding before this Court is frivolous or groundless, and (3) the amount of damages to be awarded up to $5,000. We now consider petitioner's contention that our award of damages to the United States should be reversed because "this Court has not had before it the pertinent facts necessary to assess the application of the provisions of section 6673 applicable in this case in awarding damages of $5,000.00 to the United States." According to petitioner, the "pertinent facts" in this case show that he "lacked a formal college education" and was inexperienced in tax matters, to the extent that he always required professional assistance in completing his tax returns, even though he always earned wage income. Furthermore, petitioner blames James Stamper, president of Texas Patriots Association [7] for his present controversy with the government. *35 Stamper reportedly advised petitioner in 1981 that petitioner was entitled to reduce wage income by a "deduction for loss in the value of the United States Dollar." Petitioner prepared and signed his 1981 tax return, in which he reduced his earned wages of $27,963 by a "conversion figure" of $25,717 to arrive at "fair market value" wages reported amounting to $2,246. Nevertheless, petitioner claims that since he "wasn't able to complete his 1981 tax return himself, it was completed by or under the direction of Mr. Stamper." Petitioner further argues that he contacted his present attorney sometime before this Court entered judgment against him on January 31, 1984, and was advised that "his adjustment for loss in value of the dollar was improper." Nevertheless, despite counsel's recommendation, petitioner declined to contact government counsel about the matter because "of his unfamiliarty, fear and misunderstanding of the nature of the proceedings." In essence, petitioner argues that our damage award should be abated because (1) he did not understand the income tax law due to lack of education, (2) Stamper misinformed petitioner concerning the correct income tax law, (3) he was unable *36 to get correct income tax information from the government or elsewhere, and (4) he was unrepresented by an attorney until after judgment was entered against him. Unfortunately for petitioner, his contentions are unsupported by a record which in fact reinforces respondent's position that we correctly awarded damages to the United States pursuant to section 6673. When petitioner mailed his initial imperfect letter petition to this Court, he was aware of the income averaging provisions in the tax law. In an application *37 for employment during 1981, petitioner stated that he had two years of college education. However, the evidence that virtually destroys the credibility of petitioner's self-serving scenario is petitioner's 1980 return which was prepared by petitioner's San Saba C.P.A. after petitioner openly commenced his tax protester activities. This return was completed timely and signed by the C.P.A. on June 7, 1981. By executing this return under penalties of perjury on June 19, 1981, petitioner admitted that his wages earned constitute taxable income. [8]
Should we reverse our prior order, we would be derelict in complying with Congress' mandate that we reduce our "ever-increasing caseload." An exhaustive review of this expanded record prior to entry of our previous order reveals that petitioner has attempted to delay this proceeding in every possible manner in order to avoid payment of his correct 1981 tax liability resulting from wage income earned. *38 Petitioner's motion has resulted in a further aggravation of the previous record by which we determined that respondent was entitled to an award of damages amounting to $5,000. Petitioner has presented no grounds for granting his motion to vacate or revise decision. The cases relied on by petitioner in his memorandum of law are factually distinguishable and were decided under section 6673 as applicable to proceedings commenced in this Court prior to January 1, 1983. These cases are of no assistance to petitioner and warrant no discussion. Our disposition of petitioner's motion to abate our damage award can best be summed up by our decision in the case of Coulter v. Commissioner,82 T.C. 580, 585-586, wherein we stated: At the close of the trial proceedings herein, petitioner was informed of the Court's intention, on its own motion, to impose section 6673 damages in the amount of $2,000. However, upon further reflection and review of the record herein, as detailed above, we think that damages in the maximum amount of $5,000 are entirely appropriate in this case. To reiterate what we recently said: When the costs incurred by this Court and respondent are *39 taken into consideration, the maximum damages authorized by the statute do not begin to indemnify the United States for the expenses which petitioner's frivolous and groundless action has occasioned. Considering the waste of limited judicial and administrative resources caused by petitioner's action, even the maximum damages authorized by Congress are wholly inadequate to compensate the United States and its other taxpayers. These costs must eventually be borne by all of the citizens who honestly and fairly participate in our tax collection system. [Abrams v. Commissioner,82 T.C. 403, 412-413 (1984).] Therefore, in our discretion, we conclude that the maximum damages authorized by law are appropriate, and damages in the amount of $5,000 will be awarded to the United States under section 6673. Petitioner, in filing his frivolous motion to vacate or revise decision, has further abused the process of this court, resulting in an additional wasting of our time as well as that of respondent. Petitioner's motion to vacate must therefore be denied. An appropriate order will be entered.
Footnotes
1. All section references are to the Internal Revenue Code of 1954, as amended, unless otherwise indicated, and all "Rules" references are to the Tax Court Rules of Practice and Procedure.↩
2. Respondent's notice of objection included copies of the following documents as exhibits: (1) petitioner's 1981 tax return filed for a single person, (2) petitioner's 1980 tax return filed for a single person and prepared by a San Saba, Texas C.P.A., (3) petitioner's 1979 joint tax return prepared and signed by petitioner and his former wife, (4) a W-4 Form submitted by petitioner to his employer dated May 18, 1981, claiming exemption from income tax withholding, and (5) a "Construction Employees History And Employment Record" signed by petitioner and submitted to his employer, which reflected that petitioner had been previously employed by that company in 1973.↩
3. Petitioner was a resident of San Saba, Texas, at the time he filed his petition and motion for reconsideration with this Court.↩
4. The sole error assigned in the amended petition was "Fair Market Value of the United States Dollar." ↩
5. This document was lodged but not filed by the Court.↩
6. The Committee Report to sec. 292(b), Pub. L. 97-248, 96 Stat. 574, states, in part: [T]he committee is concerned with the ever-increasing caseload of the Tax Court and the impact that this legislation may have on that caseload. * * * In addition, the committee decided to increase the damages, i.e., penalty, that may be assessed against a taxpayer when proceedings are instituted for delay, and to expand the circumstances under which the Tax Court may assess those damages. [H. Rept. No. 97-404, p. 11 (1982).]↩
7. Petitioner conveniently declines to identify the nature of the organization "Texas Patriots Association" or the professional qualifications possessed by Stamper, which would justify petitioner's professed belief that Stamper correctly stated the income tax law with respect to reporting wage income. We take judicial notice of the fact that there are many tax protesters in this country who belong to organizations with high-sounding names which actively encourage taxpayers to avoid reporting wage income for various constitutional and other reasons. See Blaty v. Commissioner,T.C.Memo 1984-518; Urso v. Commissioner,T.C. Memo. 1984-267↩.
8. We note that petitioner filed a false W-4 Form with his employer on May 18, 1981, by certifying that he incurred no tax liability for the previous year when in fact he earned $18,642 in 1980 resulting in a tax liability of $2,078.↩