KASSE WILLIAM ZEGEL, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Zegel v. Commissioner
Docket No. 2995-85
United States Tax Court
T.C. Memo 1989-522; 1989 Tax Ct. Memo LEXIS 522; 58 T.C.M. (CCH) 224; T.C.M. (RIA) 89522; September 26, 1989
Donald A. Glasel, for the respondent. GALLOWAY
MEMORANDUM OPINION GALLOWAY, Special Trial Judge: This case is before the Court on respondent's Motion For Judgment On The Pleadings, filed pursuant to Rule 120(a) on December 23, 1988, and petitioner's objection filed January 26, 1989. In his motion, respondent also requested an award of damages under section 6673. [1]
*523 In his notice of deficiency dated November 13, 1984, respondent determined a deficiency of $ 3,158 in petitioner's 1981 Federal income tax and additions to tax under section 6653(a)(1) in the amount of $ 157.90 and section 6653(a)(2) in the amount of 50 percent of the interest due on $ 3,158. The adjustments in the notice of deficiency were: (1) respondent's inclusion in petitioner's income of $ 7,815.36 wages earned and excluded by petitioner from gross income; and (2) the additions to tax determined by respondent. Petitioner was a resident of New York, New York, at the time he filed his petition herein. The allegations in the petition are as follows: "IF WAGES ARE NOT PROFIT OR GAIN THEY CANNOT BE TAXED AS AN EXCISE TAX UNDER THE 16 [sic] AMENDMENT OF U.S. CONSTITUTION * * * WITHHOLDING TAX IS ALSO ILLEGAL BECAUSE IT IS NOT WITHHOLDING AND IS NOT A LEGAL TAX * * *." In his typed single space 16-paragraph objection to respondent's motion, petitioner asserts many time-worn protester arguments that have been previously rejected by this and other courts on numerous occasions. Some of these are: (1) petitioner's 1981 tax return and prior returns were unnecessarily filed by him *524 because "of widespread rumors, * * * and the advice and assurances of lawyers, C.P.A.s and income tax preparers which misled me to believe the 16th Amendment of the United States Constitution authorized Congress to impose a tax directly on my income, and also a legal duty and obligation upon me to file a 'form 1040' or 'income tax return'"; (2) the 16th Amendment and Supreme Court decisions do not authorize a tax on petitioner's income; and (3) petitioner's recent examination of sections 6001, 6012, and 7203 of the Internal Revenue Code (Title 26 U.S.C.A.), convinced him that he was "not now and never was any such person or individual covered by * * * said sections" and accordingly petitioner is not liable for payment of income tax or preparation of income tax returns. Rule 120 provides that where the pleadings are closed, as in this case, but within such time as to not delay the trial, any party may move for judgment on the pleadings. A motion for judgment on the pleadings is appropriate in a case, such as this, where a petition raises no justiciable issues and there are no issues on which respondent has the burden of proof. Abrams v. Commissioner, 82 T.C. 403, 408 (1982). *525 See also Francis v. Commissioner, T.C. Memo. 1988-30. In his objection to respondent's motion, petitioner claims that the Supreme Court in Brushaber v. Union Pacific Railroad Co., 240 U.S. 1 (1916), "does not authorize a direct tax on * * * anyone's income." Petitioner is mistaken. In Rowlee v. Commissioner, 80 T.C. 1111, 1119 (1983), this Court observed "In 1916, the Supreme Court held the 1913 income tax law to be constitutional. The propriety of taxing incomes from professions, trades, employments, or vocations was reaffirmed, * * *." (Citation omitted). Petitioner has admitted receiving the wage income and has no valid grounds for his failure to report the amount received. It is clear that the pleadings do not raise a genuine issue of material fact in this case and that respondent as the moving party is entitled to a decision as a matter of law. Respondent's Motion For Judgment On The Pleadings will be granted with respect to the income tax deficiency and the addition to tax for the year 1981. See Lott v. Commissioner, T.C. Memo. 1985-492; Johansen v. Commissioner, T.C. Memo. 1980-100. *526 Section 6673 as applicable to actions commenced prior to October 22, 1986, provides an award for damages to the United States in an amount not in excess of $ 5,000 when it appears to us that the proceedings have been instituted or maintained by the taxpayer before this Court primarily for delay or that the taxpayer's position in these proceedings is frivolous or groundless. We find that the proceedings initiated by petitioner before this Court were for the sole purpose of unduly delaying the reporting of his income and payment of his income tax liability for the year 1981. Accordingly, we award the United States damages of $ 1,000. Coulter v. Commissioner, 82 T.C. 580 (1984); Abrams v. Commissioner, supra at 412-413. An appropriate order and decision will be entered. Footnotes
1. All section references are to the Internal Revenue Code of 1954, as amended, unless otherwise indicated. All Rule references are to the Tax Court Rules of Practice and Procedure unless otherwise provided.↩