ORVILLE G. HICKS, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Hicks v. Commissioner
Docket No. 7710-92
United States Tax Court
T.C. Memo 1992-649; 1992 Tax Ct. Memo LEXIS 679; 64 T.C.M. (CCH) 1256; November 5, 1992, Filed *679 An appropriate order of dismissal and decision will be entered. For Respondent: John Altman. PATE
PATE
MEMORANDUM OPINION PATE, Special Trial Judge: This case is before the Court on respondent's Motion To Dismiss For Failure To State A Claim Upon Which Relief Can Be Granted and on respondent's Motion For Penalties Under I.R.C. section 6673. [1] Both motions were filed on May 26, 1992. Petitioner did not submit a written response to respondent's motions, nor did he attend the hearing on such motions held in Seattle, Washington, on June 19, 1992. Petitioner never filed a Federal income tax return for 1989. In a notice of deficiency dated February 7, 1992, respondent determined that, in 1989, petitioner *680 received pension income of $ 14,544 and taxable social security income of $ 4,957, and that petitioner's filing status was married filing separately. These determinations resulted in a deficiency in petitioner's 1989 Federal income tax of $ 2,239. Respondent also determined that petitioner is liable for additions to tax of $ 560 under section 6651(a) and of $ 153 under section 6654(a). On April 14, 1992, petitioner filed a petition with this Court in which he basically alleged that: 1. This Court does not have jurisdiction to determine a deficiency in his income tax or determine that he is liable for additions to tax because he never filed an income tax return and never gave the Internal Revenue Service permission to file one for him; 2. He did not have sufficient income to require him to file an income tax return; and 3. The notice of deficiency could not be issued prior to respondent's making a formal assessment of his income tax. Under Rule 40, respondent may file a motion to dismiss for failure to state a claim upon which relief can be granted when it appears beyond doubt that petitioner can prove no set of facts in support of his claim which would entitle him to relief. *681 Conley v. Gibson, 355 U.S. 41, 45-46 (1957); Price v. Moody, 677 F.2d 676, 677 (8th Cir. 1982). Rule 34(b)(4) requires that a petition filed in this Court contain clear and concise assignments of each and every error which petitioner alleges to have been committed by respondent in the determination of the deficiency and additions to tax in dispute. Rule 34(b)(5) further requires that the petition contain clear and concise lettered statements of the facts on which petitioner bases the assignments of error. The determinations made by respondent in her notice of deficiency are presumed correct. Rule 142(a); Welch v. Helvering, 290 U.S. 111 (1933). In addition, any issue not raised in the pleadings is deemed conceded. Rule 34(b)(4); Jarvis v. Commissioner, 78 T.C. 646, 658 n. 19 (1982); Gordon v. Commissioner, 73 T.C. 736, 739 (1988). It is clear that petitioner has not alleged any facts which show error in respondent's determination. Rather, he has raised several legal arguments questioning our jurisdiction and the procedures *682 followed by respondent. Therefore, all of the factual matters underlying respondent's determinations are deemed conceded and we need only address the legal arguments raised by petitioner. First, petitioner questions whether this Court has jurisdiction to determine the correct amount of an individual's income tax and the additions to tax when such individual has failed to file an income tax return for the year in issue. It is well settled that to maintain an action in this Court, there must be a valid notice of deficiency and a timely filed petition. Pyo v. Commissioner, 83 T.C. 626, 632 (1984); Mollet v. Commissioner, 82 T.C. 618, 623 (1984), affd. without published opinion 757 F.2d 286 (11th Cir. 1985). There is no requirement that a taxpayer file a return prior to the issuance of the notice of deficiency or thefiling of a petition. Roat v. Commissioner, 847 F.2d 1379 (9th Cir. 1988); Hartman v. Commissioner, 65 T.C. 542 (1975). In fact, we have decided numerous cases in which the taxpayer failed to file a return. See, e.g., *683 Millsap v. Commissioner, 91 T.C. 926 (1988); Woods v. Commissionerl, 91 T.C. 88 (1988); Rowlee v. Commissioner, 80 T.C. 1111 (1983). Accordingly, we reject petitioner's argument that this Court lacks jurisdiction to determine the amount of his income tax and the additions to tax prior to his filing an income tax return. Secondly, petitioner alleges that he was not required to file an income tax return because his income was not substantial enough to require one. [2] In general, section 6012(a)(1)(A) provides that every person receiving gross income which equals or exceeds the exemption amount is required to file a return. In certain cases, the basic standard deduction is added to those minimum requirements. Sec. 6012(a)(1)(A)(i) through (iv). However, these exceptions do not apply to a taxpayer who is married and files a separate return. Sec. 6012(a)(1)(A). For 1989, the exemption amount is $ 2,000, sec. 151(d)(1)(C), and because petitioner's gross income was in excess of that amount, he was required to file a return.[3] See Recklitis v. Commissioner, 91 T.C. 874, 912 (1988). *684 Third, petitioner argues that his notice of deficiency is invalid because a notice of deficiency may not be issued prior to respondent's making a formal assessment of his tax. However, just the opposite is true; respondent must issue the notice of deficiency prior to making an assessment of a deficiency. Sec. 6213(a); Meyer v. Commissioner, 97 T.C. 555, 560 (1991); Powell v. Commissioner, 96 T.C. 707, 710-711 (1991). Finally, in considering respondent's motion for a penalty under section *685 6673, we have taken into account the fact that petitioner previously filed a petition with this Court in which he challenged respondent's determination with regard to 1988. In that petition, he raised issues somewhat similar to those he made in this case and, thereafter, respondent filed a motion to dismiss for failure to state a claim as well as for a penalty under section 6673. Prior to the hearing held on respondent's motions, the Court conferred with the parties at some length, informed them that "the taxation system was not voluntary", and advised petitioner to address the substantive issues at the hearing. Nevertheless, petitioner chose to pursue only his "tax protestor" type arguments. Accordingly, pursuant to our opinion (Hicks v. Commissioner, T.C. Memo. 1992-80), which was filed on February 10, 1992, we granted respondent's motion to dismiss for failure to state a claim upon which relief can be granted, as well as respondent's motion for a penalty under section 6673. The record in this case clearly shows that petitioner has no interest in disputing either the correctness of the deficiency or the additions to tax determined by respondent. *686 Moreover, despite the fact that our decision in his prior case was issued in February 1992, petitioner filed the petition in this case, raising again the same discredited "tax protestor" type arguments which we had rejected less than 3 months before. Based on these facts, we find that petitioner maintained this proceeding primarily for delay. Accordingly, we hold that petitioner is liable for a penalty in the amount of $ 2,000. Coulter v. Commissioner, 82 T.C. 580 (1984); Abrams v. Commissioner, 82 T.C. 403 (1984). An appropriate order of dismissal and decision will be entered. Footnotes
1. References to sec. 6673↩ are to the statute as amended and in effect after December 31, 1989, in proceedings pending on or commenced after that date. All other section references are to the Internal Revenue Code in effect for the year in issue. All Rule references are to the Tax Court Rules of Practice and Procedure.
2. Petitioner does not dispute that, in 1989, he received gross income of $ 19,501 as determined in the notice of deficiency. ↩
3. For purposes of this calculation, we have assumed that petitioner's filing status as shown in the notice of deficiency is correct. However, even if this assumption is wrong and petitioner's filing status was single, head-of-household, or married filing jointly, he still would be required to file an income tax return. See sec. 601(a)(1).↩