RALPH EDWARD NIEMAN, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Nieman v. Commissioner
Docket No. 1094-93
United States Tax Court
T.C. Memo 1993-533; 1993 Tax Ct. Memo LEXIS 540; 66 T.C.M. (CCH) 1340; November 17, 1993, Filed *540 Ralph Edward Nieman, pro se. For respondent: John W. Duncan. GOLDBERG
GOLDBERG
MEMORANDUM OPINION GOLDBERG, Special Trial Judge: This case was heard pursuant to the provisions of section 7443A(b)(3) and Rules 180, 181, and 182. [1] This case is before the Court on respondent's Motion For Summary Judgment. Respondent determined a deficiency in petitioner's Federal income tax for the taxable year 1990 in the amount of $ 2,374 and an addition to tax under section 6651(a) in the amount of $ 246. Respondent determined that petitioner, an individual domiciled in Illinois, failed to file an individual Federal income tax return for taxable year 1990, and failed to report taxable income as follows: G.T. Construction Specialties - Wages
$ 19,939
U.S. Department of Agriculture
382
Illinois Bureau of Employment - Unemployment Comp.
244
Country Life Insurance Co. - Interest
15
*541 In arriving at the deficiency, respondent subtracted from total income the applicable amount for an exemption and standard deduction, and credited against the tax the amount of $ 1,389, which was withheld from petitioner's wages. At the time his petition was filed, petitioner resided at Effingham, Illinois. Petitioner contends that respondent erred in determining the deficiency and addition to tax because: All "gross income" received by Ralph Edward Nieman, for the tax years in question is/was "gross income" as that term is defined in 26 CFR 1.862-1, and that all said "gross income", as defined at 26 CFR 1.862-1 was received "without the United States", as that phrase is defined in Subchapter N of 26 CFR 1.861-1 et seq. See attached AFFIDAVIT IN SUPPORT OF AMENDED PETITION.
In an affidavit attached to his amended petition, petitioner sets forth numerous, tax-protester type legal arguments, including, in petitioner's words, the following propositions: That the Republic of Illinois is "without the United States"; That "Citizens of the United States" are those people who are freeborn, or naturalized inhabitants of the freely associated compact states; That "U.S. *542 Citizens" are those people that are citizens of the District of Columbia; that U.S. citizens and/or inhabitants of the Territories, Possessions, or Federal States, may or may not be citizens of the United States (Union States); That Congress excludes the 50 States from the definition of "United States", for the purposes of 26 U.S.C., Subtitle A, and defines all "income" from these 50 States as "income from sources without the United States", at 26 U.S.C. Subtitle N, Section 862, 26 CFR 1.862-1; That Ralph Edward Nieman is not a "U.S. Citizen", for purposes of Subtitle A, 26 U.S.C.; neither is he a resident, as that term is defined at 26 CFR 1.1-1, nor an inhabitant of the District of Columbia or any of the Territories, Possessions, or Federal States, (UNITED STATES); That All income received by Ralph Edward Nieman is/was income from sources "without the United States", as that term is defined, supra, and listed by Congress at 26 U.S.C. Section 862(a)(3) as: "compensation for labor or personal services performed without the United States"; That Ralph Edward Nieman is a "nonresident of the United States", as that term is defined at 26 U.S.C., Section 865 *543 (g)(1)(B); That Ralph Edward Nieman did not knowingly, willingly, or voluntarily enter into any agreement, or contract, to be made partially liable for the National Debt, or "elected" to be treated as a resident of the United States, pursuant to 26 CFR 5h; 26 U.S.C. 6013(g)(h) or 7 CFR Part 3; That any such unknown contract was entered into with deception and constructive fraud by the Federal Government, and is null and void under the provisions of the Uniform Commercial Code.
Petitioner attempts to argue an absurd proposition, essentially that the State of Illinois is not part of the United States. His hope is that he will find some semantic technicality which will render him exempt from Federal income tax, which applies generally to all U.S. citizens and residents. Suffice it to say, we find no support in any of the authorities petitioner cites for his position that he is not subject to Federal income tax on income he earned in Illinois. Like the Fifth Circuit in the case of another tax protester, "We perceive no need to refute these arguments with somber reasoning and copious citation of precedent; to do so might suggest that these *544 arguments have some colorable merit." Crain v. Commissioner, 737 F.2d 1417 (5th Cir. 1984). Petitioner's arguments are no more than stale tax protester contentions long dismissed summarily by this Court and all other courts which have heard such contentions. See Abrams v. Commissioner, 82 T.C. 403, 406-407 (1984); Rowlee v. Commissioner, 80 T.C. 1111 (1983); Martin v. Commissioner, T.C. Memo. 1990-560; Everett v. Commissioner, T.C. Memo. 1989-605. Section 1 imposes an income tax on the income of every individual who is a citizen or resident of the United States. During the year at issue, petitioner resided in Illinois and therefore was a resident of the United States and subject to tax under section 1. A Federal income tax return must be filed by all individuals receiving gross income in excess of certain minimum amounts. Sec. 6012; sec. 1.6012-1(a), Income Tax Regs. Petitioner's gross income in each year exceeds the minimum amount. In short, petitioner is a taxpayer subject to the income tax laws. Rule 121 provides that *545 either party may move, with or without supporting affidavits, for a summary adjudication in the moving party's favor upon all or any part of the legal issues in controversy. Once the motion is filed and served, an opposing written response, with or without supporting affidavits, shall be filed. A decision shall thereafter be rendered if the pleadings and any other acceptable material, together with the affidavits, show that there is no genuine issue as to any material fact and that a decision may be rendered as a matter of law. When a motion is made, an adverse party may not rest upon the mere allegations or denials of such party's pleadings, but the response must set forth specific facts showing that there is a genuine issue for trial. See Rule 121(a), (b), (d). Petitioner filed no written response to respondent's Motion For Summary Judgment, and set forth no facts at the hearing on the motion showing an issue for trial. We find that there is no genuine issue as to any material fact and that a decision may be rendered as a matter of law. Therefore, respondent's Motion For Summary Judgment will be granted. The final matter we consider is whether we should, on our own motion, *546 award a penalty to the United States under section 6673. Section 6673, as amended by the Omnibus Budget Reconciliation Act of 1989, Pub. L. 101-239, sec. 7731(a), 103 Stat. 2106, 2400, provides, in pertinent part: (1) PROCEDURES INSTITUTED PRIMARILY FOR DELAY, ETC. -- Whenever it appears to the Tax Court that -- (A) proceedings before it have been instituted or maintained by the taxpayer primarily for delay, (B) the taxpayer's position in such proceeding is frivolous or groundless, or * * * the Tax Court, in its decision, may require the taxpayer to pay the United States a penalty not in excess of $ 25,000.
The record in this case establishes that petitioner had no interest in disputing either the deficiency or the addition to tax determined by respondent. Furthermore, it is clear that petitioner instituted this action to delay the assessment and collection of Federal income tax rightfully due. Rather, petitioner has raised only the tired, discredited arguments which are characterized as tax protester rhetoric. A petition to the Tax Court is frivolous if it is contrary to established law and unsupported by a reasoned, colorable argument for change in the law. *547 Coleman v. Commissioner, 791 F.2d 68, 71 (7th Cir. 1986), affg. in part an unreported order of this Court. Based upon the established law, petitioner's position is frivolous and groundless. Moreover, petitioner has previously asserted similar frivolous and groundless arguments in this Court. [2] Petitioners with genuine controversies were delayed while we considered this case. Accordingly, we will require petitioner to pay a penalty to the United States in the amount of $ 1,000. Coulter v. Commissioner, 82 T.C. 580 (1984); Abrams v. Commissioner, 82 T.C. 403 (1984). An appropriate order and decision will be entered. Footnotes
1. All section references are to the Internal Revenue Code in effect for the year in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.↩
2. An Order of Dismissal and Decision for respondent was entered and petitioner's Motion to Vacate Order of Dismissal and Decision was denied in docket No. 3335-92 prior to the time the petition in the instant case was filed.↩