ALOIS C. FISCHER, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Fischer v. Commissioner
Docket No. 8633-89
United States Tax Court
T.C. Memo 1994-586; 1994 Tax Ct. Memo LEXIS 595; 68 T.C.M. (CCH) 1300; December 1, 1994, Filed *595 Decision will be entered under Rule 155. Alois C. Fischer, pro se. For respondent: George W. Bezold. PARKER
PARKER
MEMORANDUM FINDINGS OF FACT AND OPINION PARKER, Judge: By statutory notices of deficiency dated January 31, 1989, respondent determined deficiencies and additions to tax in petitioner's Federal income tax as follows: Additions to Tax
Year
Deficiency
Sec.6651(a)
Sec.6653(a)(1) [1]
Sec. 6653(a)(2) [2]
1984
$  7,442
$ 1,860.50
$ 372.10
50% of interest on $ 7,442
1985
12,094
2,138.50
604.70
50% of interest on $ 8,554
1986
2,520
630.00
126.00
50% of interest on $ 2,520
Additions to Tax
Year
Sec.6654(a)
Sec.6661(a)
1984
$ 468.72
$ 1,860.50
1985
483.06
2,138.50
1986
122.08
-- Unless otherwise indicated, all section references are to the Internal Revenue Code in effect for the taxable years before the Court, and all Rule references are to the Tax Court Rules of Practice and Procedure. Specifically, after concessions, [1] the issues for decision are: (1) Whether petitioner is liable for tax on his *596 income as determined by respondent; (2) whether petitioner is liable for additions to tax under section 6651(a) for failure to file returns for the taxable years at issue; (3) whether petitioner is liable for additions to tax under section 6653(a)(1) and (2) in 1984 and 1985 and section 6653(a)(1)(A) and (B) in 1986 for negligence; (4) whether petitioner is liable for additions to tax under section 6654(a) for failure to pay estimated taxes for the taxable years at issue; and (5) whether the Court should require petitioner to pay a penalty to the United States under section 6673(a)(1). FINDINGS OF FACT On January 8, 1993, petitioner filed a motion to dismiss, alleging that he is a "U.S. National", not a U.S. citizen or resident required to file a Form 1040 and that his "income [is not] the subject of any 1040 tax". This motion was denied. Petitioner thereafter filed requests for discovery that were legally frivolous. On November 1, 1993, respondent *597 filed a motion for order to show cause why proposed facts in evidence should not be accepted as established, attached to which was a proposed stipulation of facts and exhibits in support thereof. In an order dated November 3, 1993, the Court granted respondent's motion and ordered that petitioner file a response showing why the matters set forth in respondent's motion should not be deemed admitted. Petitioner filed a response, setting forth frivolous objections. Petitioner also filed a motion for protective order, which this Court denied in an order dated December 7, 1993. The Court, in that order, admonished petitioner that, if he continued to make frivolous arguments and motions and failed to cooperate in the proper preparation of the case for trial, the Court would consider imposing a penalty under section 6673. The Court, by another order dated December 7, 1993, repeated that admonition and granted petitioner a further period of time within which to file a proper response to the Court's order to show cause. Petitioner's response was a refusal to stipulate to any facts. On December 14, 1993, petitioner filed a motion for summary judgment, with "notice of admissions" attached *598 thereto. Therein, petitioner contended that respondent has failed to respond to his interrogatories and therefore admits that "The Petitioner is not a taxpayer within the definition of the internal revenue code", that "Petitioner is not identified by person, class of persons or activity as being the subject or object of the internal revenue code", that "There exists no person that has determined that the Petitioner is liable for any internal revenue tax", that "The Petitioner is not required to perform any act under the internal revenue code", and like statements. That motion for summary judgment was denied. On January 10, 1994, a hearing on the Court's order to show cause under Rule 91(f) and a trial of this case were held in Milwaukee, Wisconsin. At that time, petitioner filed documents with the Court in which he refused to stipulate to any facts set forth in respondent's motion for an order to show cause and in which he set forth his own "stipulation of facts" continuing to expound frivolous arguments. Upon questioning by the Court, however, petitioner did admit to several of the items in respondent's proposed stipulation of facts. Petitioner presented no other factual evidence *599 or testimony at trial and merely continued to make frivolous legal arguments. As a result, in an order dated January 10, 1994, the Court deemed those facts set forth in the stipulation of facts attached to respondent's Rule 91(f) motion admitted for purposes of this case. Therefore, that stipulation of facts and the exhibits attached thereto are incorporated herein by this reference and constitute the only factual evidence in the record. At the time the petition was filed in this case, petitioner resided in Appleton, Wisconsin. During 1984, petitioner received wages and interest from the following sources and in the following amounts: Sources
Amount
UB Union Boiler Co.
$  9,859
Custodis Cottrell, Inc.
1,704
Crown Union, Inc.
16,888
Home Savings & Loan (interest)
12
Petitioner also received unemployment compensation in the amount of $ 2,156 in the taxable year 1984. Petitioner did not file a Federal income tax return for the taxable year 1984. During 1985, petitioner received wages from UB Union Boiler Co. in the amount of $ 38,027 and from Oscar J. Boldt Construction Co. in the amount of $ 1,680. Petitioner also received unemployment compensation in the amount *600 of $ 2,548 in 1985. Petitioner did not file a Federal income tax return for the taxable year 1985. During 1986, petitioner received wages and interest from the following sources and in the following amounts: Sources
Amount
Dillingham Construction Inc.
$ 5,497
Cementation Company of America, Inc.
63
Moorehead Machinery and Boiler Company
2,168
Blackhawk Foundation Company, Inc.
1,248
C.R. Meyer & Sons Company
1,313
Kenny Kiewit, A Joint Venture
1,403
Milwaukee Constructors II
1,405
Broad Corporation
1,000
J.P. Cullen & Sons, Inc.
129
L.L.G.U. Western Avenue All
165
Petitioner received unemployment compensation in the amount of $ 2,577 during 1986. Petitioner did not file a Federal income tax return for the taxable year 1986. Petitioner's presentation during the trial and in post-trial briefs consisted of further frivolous legal arguments. OPINION Petitioner merely asserts frivolous tax protester type arguments. His arguments include: (1) respondent's failure to call witnesses at trial or to present evidence to support her notice of deficiency; (2) section 6020(b) either requires respondent to file substitute tax returns on behalf of an individual who does *601 not voluntarily file tax returns or the section must be declared "invalid, unconstitutional and unenforceable"; [2] and (3) respondent has seized property without valid assessment. [3]
*602 Respondent's determination is presumed to be correct, and petitioner bears the burden of proof as to all issues in this case. Rule 142(a); Welch v. Helvering, 290 U.S. 111 (1933). It is undisputed that petitioner received wages, interest, and unemployment compensation during the years at issue. The Internal Revenue Code clearly provides that gross income means all income from whatever source derived, including wages. Sec. 61(a)(1); United States v. Romero, 640 F.2d 1014, 1016 (9th Cir. 1981) ("Compensation for labor or services, paid in the form of wages or salary, has been universally held by the courts of this republic to be income, subject to the income tax laws currently applicable."). To argue otherwise is futile. Petitioner raises traditional tax protester arguments. Such arguments have been repeatedly rejected by every court before which they have been raised. See, e.g., Coleman v. Commissioner, 791 F.2d 68, 71 (7th Cir. 1986); Crain v. Commissioner, 737 F.2d 1417 (5th Cir. 1984); Rowlee v. Commissioner, 80 T.C. 1111 (1983). *603 The Court of Appeals for the Seventh Circuit, to which any appeal in this case will lie, has held that wages are income, that the taxation of wages is constitutional, and that arguments to the contrary are "tired". Coleman v. Commissioner, supra at 70. Respondent's determination of the deficiencies in this case is sustained. Section 6651(a)(1) imposes an addition to tax for failure to file a timely return unless it is shown that such failure was due to reasonable cause and not to willful neglect. Petitioner bears the burden of proving he had reasonable cause for not filing his returns for the years 1984, 1985, and 1986. Baldwin v. Commissioner, 84 T.C. 859, 870 (1985). Petitioner conceded that he did not file his returns for those years. He offered no plausible explanation for his failure to file. We therefore hold that petitioner is liable for additions to tax under section 6651(a)(1). Respondent has determined that petitioner is liable for additions to tax under section 6653(a). Section 6653(a)(1) imposes an addition to tax if any part of an underpayment of income tax is due to negligence or intentional *604 disregard of rules or regulations. Section 6653(a)(2) imposes a further addition in the amount of 50 percent of the interest due on that portion of the underpayment attributable to the negligence or intentional disregard. Respondent's determination of additions to tax under section 6653(a) is presumed correct and must be sustained unless the taxpayer can establish that he was not negligent. Hall v. Commissioner, 729 F.2d 632 (9th Cir. 1984), affg. T.C. Memo. 1982-337. Petitioner bears the burden of proving that the underpayment of tax for the taxable year at issue was not due to negligence or intentional disregard of rules or regulations. Rule 142(a); Welch v. Helvering, 290 U.S. 111 (1933); Bixby v. Commissioner, 58 T.C. 757 (1972). "Negligence is lack of due care or failure to do what a reasonable and ordinarily prudent person would do under the circumstances." Marcello v. Commissioner, 380 F.2d 499, 506 (5th Cir. 1967), affg. in part and remanding in part 43 T.C. 168 (1964); Neely v. Commissioner, 85 T.C. 934, 947 (1985). *605 The record amply supports a finding of both negligence and intentional disregard of rules or regulations. As stated, petitioner merely has continued to make typical tax protester type arguments throughout this case. Thus, the Court sustains respondent's determinations of negligence. Unless the taxpayer fits into a specific exception, section 6654(a) provides a mandatory addition to tax if the total tax withheld and any estimated tax payments during the course of the year do not equal the percentage of liability required under the statute to be paid as estimated tax. Sec. 6654(a); Grosshandler v. Commissioner, 75 T.C. 1, 20-21 (1980). Petitioner offered no evidence of an applicable exception, and, therefore, we hold that petitioner is liable for additions to tax under section 6654(a). We finally must consider whether we should, on the Court's own motion, require petitioner to pay a penalty to the United States under section 6673(a)(1). Section 6673(a)(1), as amended by the Omnibus Budget Reconciliation Act of 1989, Pub. L. 101-239, sec. 7731(a), 103 Stat. 2106, 2400, provides in pertinent part: (1) Procedures Instituted Primarily for Delay, *606 Etc. -- Whenever it appears to the Tax Court that -- (A) proceedings before it have been instituted or maintained by the taxpayer primarily for delay, (B) the taxpayer's position in such proceeding is frivolous or groundless, or
* * * the Tax Court, in its decision, may require the taxpayer to pay to the United States a penalty not in excess of $ 25,000.
The record in this case establishes that petitioner had no interest in disputing either the deficiencies or the additions to tax determined by respondent. Furthermore, petitioner pursued this action to delay the assessment and collection of Federal income taxes rightfully due. A petition to this Court is frivolous if it is contrary to established law and unsupported by a reasoned, colorable argument for change in the law. Coleman v. Commissioner, 791 F.2d at 71. In Coleman, the Court of Appeals for the Seventh Circuit stated that: Some people believe with great fervor preposterous things that just happen to coincide with their self-interest. "Tax protesters" have convinced themselves that wages are not income, that only gold is money, that the Sixteenth Amendment is unconstitutional, *607 and so on. These beliefs all lead -- so tax protesters think -- to the elimination of their obligation to pay taxes. The government may not prohibit the holding of these beliefs, but it may penalize people who act on them.
Id. at 69. Based upon established law, petitioner's arguments are groundless and legally frivolous. Petitioner has continually failed to cooperate with respondent in the stipulation process and in the proper preparation of this case for trial. Even after the trial and the filing of post-trial briefs, petitioner initiated a further wild goose chase and frivolous gambol. See supra note 3. Accordingly, we will require petitioner to pay a penalty to the United States in the amount of $ 5,500. Coulter v. Commissioner, 82 T.C. 580 (1984); Abrams v. Commissioner, 82 T.C. 403 (1984). To reflect the foregoing, Decision will be entered under Rule 155. Footnotes
1. For 1986 sec. 6653(a)(1)(A) applies.↩
2. For 1986 sec. 6653(a)(1)(B) applies.↩
1. Respondent has conceded the additions to tax under sec. 6661.↩
2. This belated argument is without merit. Respondent is not required to prepare a return under sec. 6020(b)(1) as a prerequisite to issuing a notice of deficiency. Hartman v. Commissioner, 65 T.C. 542↩ (1975). Petitioner's argument in post-trial briefs against the position of this Court and other courts on this matter is not a reasoned, colorable argument for change in the law.
3. Despite petitioner's arguments to the contrary, there has been no attempted assessment as to the individual income taxes for the taxable years involved in this case. Throughout these proceedings and even after filing of the post-trial briefs, petitioner continued to submit documentation pertaining to other Federal taxes that had already been assessed against him. Those matters pertain to taxes already assessed under either sec. 6672 (corporate employment taxes) or sec. 6682 (W-4 penalties). However, those are assessable penalties, are unrelated to the deficiency jurisdiction of this Court, and are matters over which this Court has no jurisdiction. Petitioner argued that respondent had improperly assessed the income taxes that are the subject of this pending case. Had that been the fact, it would have been improper under sec. 6213(a). Petitioner was in error. Petitioner furnished bits and pieces of documentation over a period of time, but after considering all such materials, the Court finds that none of his documentation remotely suggests what he continually urged upon this Court. The Court views this further unnecessary excursion as just part and parcel of petitioner's frivolous arguments and continuing delaying tactics in this case.↩