T.C. Memo. 2002-250

UNITED STATES TAX COURT

CEDRIC K. AND MADELYN D. NUNN, Petitioners v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 16165-99.              Filed September 30, 2002.

Cedric K. Nunn, pro se.

Marilyn S. Ames, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

GOLDBERG, Special Trial Judge: Respondent determined a

deficiency in petitioners' Federal income tax for the taxable

year 1993 of $10,904, an addition to tax of $2,651.25 pursuant to

section 6651(a)(1), and a penalty of $2,180.80 pursuant to

section 6662(a).[1]  Unless otherwise indicated, section references

_____

[1]     Petitioners originally elected to have their case heard
(continued...)

are to the Internal Revenue Code in effect for the year at issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

Shortly before the scheduled trial date, respondent filed a motion to dismiss pursuant to Rule 53 alleging that petitioners failed to properly prosecute their case. The motion was taken under consideration, and the trial proceeded on the merits.

The issues for decision are: (1) Whether petitioners are entitled to amounts reported for returns and allowances, costs of goods sold, and business expense deductions on four separate Schedules C, Profit or Loss From Business, for the year at issue; (2) whether petitioners are liable for an addition to tax of $2,651.25 pursuant to section 6651(a)(1); and (3) whether petitioners are liable for a penalty of $2,180.80 pursuant to section 6662(a).

## FINDINGS OF FACT

The attached exhibits are incorporated herein by this reference. At the time the petition was filed, petitioners resided in Missouri City, Texas.

Petitioners Cedric K. Nunn (Mr. Nunn) and Madelyn D. Nunn (Mrs. Nunn) are husband and wife. For the year at issue, Mr.

[1](...continued)
as a small tax case. See sec. 7463. On Oct. 22, 2001, pursuant to petitioners' oral motion to have the case changed from a small tax case to regular case status, the "S" designation was removed.

Nunn was employed by Tech Solutions as a marketing representative selling color printers and computer products. Mrs. Nunn was employed as a claims adjuster for State Farm Mutual Insurance Co. Petitioners reported total wages of $68,129 and $6,625 of Federal income tax withheld.

Petitioners filed four separate Schedules C for the 1993 taxable year. The Schedules C were filed under the following business names: (1) Professional Gift Services; (2) C&M Distribution Co.; (3) the Nunn Mktgn Group; and (4) BCM Enterprises. All four businesses were operated from petitioners' residence.

The schedule below shows the gross receipts, returns and allowances, cost of goods sold, and business expense deductions reported for each Schedule C activity.

| | Professional Gift & Services | C&M Distribution Co. | The Nunn Mktgn Group | BCM Enterprises |
|---|---|---|---|---|
| Income | | | | |
| Gross receipts | $1,589 | $755 | $8,878 | $2,239 |
| Less: Returns and allowances | -- | -- | 1,407 | 338 |
| Cost of goods sold | 1,302 | -- | 6,979 | 1,232 |
| Gross profit/income | 287 | 755 | 492 | 669 |
| Expenses | | | | |
| Advertising | 175 | 928 | 434 | 333 |
| Car & truck expense | 497 | 1,088 | 737 | 792 |
| Insurance | -- | 950 | 450 | 333 |
| Legal & professional | -- | -- | 225 | 275 |
| Office expense | 370 | 442 | 455 | 1,233 |
| Rent or lease | -- | 242 | -- | 231 |
| Repairs & maintenance | -- | 432 | 475 | 545 |
| Supplies | 265 | 393 | 247 | 187 |
| Travel | -- | 879 | 220 | 379 |
| Meals & entertainment[1] | 188 | 910 | 1,390 | 702 |

| | | | |
|---|---|---|---|
| Utilities | -- | 1,200 | -- | -- |
| Other expenses | -- | 950 | 2,292 | -- |
| Total expenses | 1,495 | 8,414 | 6,925 | 5,010 |
| Net loss | (1,208) | (7,659) | (6,433) | (4,341) |

[1] After 20-percent limitation pursuant to sec. 274(n).

Petitioners did not file their 1993 Federal income tax return by the April 15, 1994, due date. Additionally, petitioners did not request an extension of time to file the 1993 tax return. Petitioners filed their 1993 return on March 3, 1997, nearly 3 years past the due date.

In the notice of deficiency, respondent disallowed all amounts reported for returns and allowances, cost of goods sold, and business expense deductions shown above because petitioners failed to establish that the amounts reported were ordinary and necessary business items. Further, respondent determined an addition to tax and a penalty pursuant to sections 6651(a)(1) and 6662(a), respectively.

This case was originally set for trial on October 16, 2000. On two occasions prior to the original trial date, respondent requested a meeting with petitioners to discuss the case and prepare a stipulation of facts. Petitioners did not respond to either of respondent's requests.

Immediately prior to calendar call, Mr. Nunn presented respondent with an unorganized packet of documents. This was the first meeting between the parties.

At calendar call, Mr. Nunn appeared and orally moved for a

continuance because he was not ready for trial. Respondent orally moved to dismiss the case for lack of prosecution because petitioners had failed to cooperate in the preparation of the pretrial stipulation of facts. The Court directed Mr. Nunn to meet with respondent to present and organize his documents or risk dismissal of the case.

The Court took both motions under advisement and ordered petitioners to produce to respondent all documents relevant to the case by November 15, 2000. On or about November 15, 2000, Mr. Nunn presented respondent with copies of the same unorganized documents presented at calendar call. The documents were not separated according to the Schedules C to which they purportedly related and were not labeled as to specific items reported on the tax return.

Respondent scheduled further meetings to discuss the documents with petitioners and their representative on December 13, 2000, and January 4, 2001. Neither petitioners nor their representative was able to attend either meeting. On January 4, 2001, respondent sent petitioners a letter requesting a third meeting.

Mr. Nunn and his representative met with respondent on January 11, 2001. At the meeting, neither Mr. Nunn nor his representative was prepared to organize the documents according to the corresponding Schedules C. Additionally, Mr. Nunn claimed

to have other documents supporting his position, but the documents were not in his possession at the time of the meeting. Respondent allowed petitioners until January 25, 2001, to supply the other documents and organize all the documents according to the Schedules C to which they related.

Respondent informed the Court of petitioners' pattern of delay and requested that the Court continue to hold both motions under advisement until after January 25, 2001.

In their status report filed January 16, 2001, petitioners admitted that they received correspondence requesting the documents be assembled in an organized fashion, but asserted that the documents were cataloged properly. Further, petitioners admitted discrepancies existed regarding some invoices but claimed that the documents presented were sufficient to "warrant dismissal of all tax liabilities" based on the "Cohan Rule".[2]

On January 25, 2001, petitioners failed to submit the other documents, and for the third time presented respondent with copies of the same unorganized documents previously presented.

On February 5, 2001, the Court issued an order granting petitioners' oral motion for a continuance and denying respondent's motion to dismiss the case for failure to prosecute. The Court ordered petitioners to organize the documents to be

---

[2] The "Cohan Rule" allows for the estimation of certain expenses in limited situations. See Cohan v. Commissioner, 39 F.2d 540 (2d Cir. 1930); infra pp. 17 and 18.

used at trial "in a fashion that will allow the Court to relate each record to an expense deduction" on the various Schedules C. The Court ordered petitioners to supply the organized documents to respondent not later than 60 days prior to the next scheduled trial date. Further, the Court held that failure to comply with the order would constitute grounds for respondent to renew the motion to dismiss for failure to prosecute.

On June 12, 2001, respondent sent petitioners a letter requesting that the organized documents be submitted to respondent in accordance with the February 5, 2001, order. Respondent warned petitioners that failure to submit the organized documents in accordance with the Court's order would result in respondent's renewing the motion to dismiss for failure to prosecute. This letter was sent to petitioners by certified mail and was signed for by Mr. Nunn.

On August 1, 2001, the case was again scheduled for trial at the Houston trial session beginning on October 22, 2001. The notice setting the case for trial explained that before trial the parties must cooperate fully and "must agree in writing to all facts and all documents about which there should be no disagreement." Petitioners refused to stipulate any facts in this case.

On August 8, 2001, respondent sent another letter to petitioners requesting the documents in an organized manner.

Respondent notified petitioners that the documents would have to be submitted to respondent by August 23, 2001, to be in compliance with the February 5, 2001, order. In addition, respondent notified petitioners that failure to submit the documents would result in a renewed motion to dismiss for failure to properly prosecute. This letter was sent to petitioners by certified mail and was signed for by Mr. Nunn.

In preparation of their case for trial, petitioners did not submit the documents to respondent in an organized manner as required by the February 5, 2001, order and the notice setting the case for trial for October 22, 2001.

On October 11, 2001, petitioners filed a motion for a second continuance stating that the documents were "re-catalogued" and submitted to respondent. In the motion, petitioners alleged respondent was "skirting the law" by not accepting the documents presented as sufficient support for the deductions reported. Petitioners also claimed respondent was blatantly lying about petitioners' willingness to cooperate. Additionally, petitioners asserted that they had never received any written notices from respondent requesting documentation. The Court denied petitioners' motion on October 11, 2001.

At calendar call on October 22, 2001, respondent filed a motion to dismiss for failure to properly prosecute. The Court took respondent's motion under advisement and allowed Mr. Nunn to

read a prepared statement into the record.  The statement was filed with the Court as petitioners' trial memorandum.

In the prepared statement, petitioners claimed that the Federal income tax is unconstitutional.  Petitioners asserted that their constitutional rights have been violated and they are the victims of an elaborate fraud perpetrated by respondent.  Petitioners stated that respondent does not have jurisdiction over them or their documents.  Petitioners claimed that the filing of a tax return is voluntary and that respondent fraudulently coerced them into believing that filing tax returns was mandatory.

After petitioners' statement was read into the record, the Court informed petitioners that the Supreme Court has held that the imposition of a Federal income tax is constitutional and that the arguments petitioners set forth have been rejected by every court presented with these claims.  The Court warned petitioners that proceeding with their argument could subject them to a penalty up to $25,000.

The Court encouraged petitioners to conduct further research and carefully read the caselaw before proceeding with their misconceived arguments at trial.  The Court repeatedly admonished petitioners that their arguments have been consistently rejected by all courts presented with the issue and that a penalty of up

to $25,000 could be imposed for proceeding with tax-protester rhetoric.  A trial was then set for October 25, 2001.

At trial, respondent requested that the Court hold the motion to dismiss for failure to prosecute in abeyance until after petitioners presented their case.  During opening statements, Mr. Nunn claimed that respondent has no jurisdiction over him or his documents and that the Federal income tax is unconstitutional.  Again, the Court explained to Mr. Nunn that not one court in the country has found the Federal income tax to be unconstitutional; and if his argument presented were found to be without merit, a penalty up to $25,000 could be imposed.

At trial, petitioners' unorganized packet of documents was received into evidence.  Mr. Nunn testified to the nature of the various Schedule C businesses but did not relate a single receipt, report, or invoice from the documents presented to a corresponding deduction reported on the return.  Mrs. Nunn did not appear at calendar call or at trial.

The Court asked Mr. Nunn if he was going to proceed with petitioners' primary argument that the Federal income tax was unconstitutional or if he was going to organize the documents and try to substantiate the disallowed items set forth in the notice of deficiency.  Mr. Nunn decided to stay with petitioners' primary argument and rested the case.

On cross-examination by respondent, Mr. Nunn testified that

the weekly expense reports, documents included in the unorganized packet, related directly to his Schedule C businesses, although he could not recall to which business the expenses related. Further, Mr. Nunn testified that although he was reimbursed for mileage by Tech Solutions, the weekly expense reports submitted were related to the various Schedules C and not his employment.

The weekly expense reports include a column containing the mileage driven each day multiplied by 24 cents a mile.[3] The daily amounts were totaled, and the total weekly amount was entered on a line titled "Total Due Employee". On each form, Mr. Nunn checked the box labeled "Mail Check To:" and listed his mailing address directly under the checked box. Additionally, Mr. Nunn signed each form. The Court could not understand why Mr. Nunn would complete each weekly expense report with details that were inconsistent with his Schedule C record keeping.[4] The Court found Mr. Nunn's testimony that the weekly expense reports related to Schedule C businesses and not his employment to be untruthful.

Petitioners submitted three invoices for computer equipment

---

[3] The standard mileage rate for 1993 was 28 cents per mile. Rev. Proc. 92-104, 1992-2 C.B. 583.

[4] For example, Mr. Nunn could not adequately explain why he would intentionally check a box and write his mailing address on each weekly expense form to have a check mailed to himself that he would have drafted to himself for mileage reimbursement relating to Schedule C businesses that were operated from his home address.

allegedly purchased from Agama Systems (Agama).  When asked if the invoices were valid receipts, Mr. Nunn testified that he reconstructed the invoices.  Mr. Nunn further testified that he reconstructed the invoices because he paid cash and did not receive a receipt for the equipment purchased from Agama.

Katherine Lam (Ms. Lam), an employee of Agama, testified on behalf of respondent.  Ms. Lam testified that the invoices petitioners submitted were not legitimate Agama invoices and contained multiple inconsistencies with actual Agama invoices issued in 1993.  Ms. Lam and three of her associates reviewed all of Agama's invoices from 1993 and were unable to find any record of equipment sold to Mr. Nunn.  On cross-examination, Ms. Lam testified that there is no way to purchase equipment from Agama without generating an invoice.

Petitioners submitted three invoices for car repairs allegedly for services rendered by Fondren Toyota Service.  The receipts contained discrepancies in the odometer readings when compared to other receipts for the same vehicle.  The three receipts resemble each other but appear to be different from another receipt provided by petitioners from the same company. Mr. Nunn testified that he may also have reconstructed the three receipts.

The Court found that Mr. Nunn attempted to deceive respondent and the Court with false documents.  Overall, the

Court found Mr. Nunn's testimony to be lacking in credibility and not forthright.

OPINION

1. Respondent's Motion To Dismiss

At trial, respondent requested that the Court grant the motion to dismiss for failure to properly prosecute on the basis of the following: (1) Petitioners did not cooperate during informal pretrial discovery; (2) petitioners refused to sign a stipulation of facts; (3) petitioners did not submit organized documents despite repeated requests to do so by respondent; (4) petitioners violated the Court's order dated February 5, 2001, requiring petitioners' documents to be submitted to respondent in an organized fashion; (5) petitioners presented a baseless argument that the Federal income tax is unconstitutional; and (6) petitioners failed to present a case on the merits.

The Court may dismiss a case at any time and enter a decision against the petitioner for failure to (1) properly prosecute the case, (2) comply with the Rules, (3) comply with an order of the Court, or (4) for other cause which the Court deems sufficient. Rule 123(b). Dismissal may properly be granted where the party's failure to comply is due to willfulness, bad faith, or fault. Dusha v. Commissioner, 82 T.C. 592, 599 (1984).

We find that petitioners failed to cooperate with respondent, failed to comply with the Rules, and failed to comply

with an order of the Court.  We find that these failures were due to petitioners' willfulness, bad faith, or fault.  Further, petitioners failed to provide the Court with any excuse or explanation for their behavior.

We very easily could find that petitioners failed to properly prosecute their case and grant respondent's motion to dismiss this action.  However, we choose instead to decide the case on the merits in the hope that this opinion will guide petitioners' future decisions regarding their tax obligations. See Calcutt v. Commissioner, 84 T.C. 716, 721-722 (1985); Pace v. Commissioner, T.C. Memo. 2000-300; Bissell v. Commissioner, T.C. Memo. 1991-163.  Respondent's motion to dismiss for failure to properly prosecute will be denied.

2.   Petitioners' Challenges to the Federal Income Tax

The crux of petitioners' arguments can be found in their trial memorandum.  Petitioners assert that the Federal income tax is a voluntary system that is unconstitutional.  Petitioners arrive at this conclusion by combining case quotations taken out of context and erroneous statements of law with misguided and illogical beliefs.

Petitioners' arguments are basic tax-protester rhetoric which has long been dismissed as frivolous and without merit. Lonsdale v. Commissioner, 661 F.2d 71, 72 (5th Cir. 1981), affg. per curiam T.C. Memo. 1981-122.  These arguments are nothing more

than a "hodgepodge of unsupported assertions, irrelevant platitudes, and legalistic gibberish." Crain v. Commissioner, 737 F.2d 1417, 1418 (5th Cir. 1984).

Petitioners' arguments are completely baseless and have repeatedly been rejected by this Court as well as the Court of Appeals for the Fifth Circuit, the court to which an appeal in this case would lie. See, e.g., id.; Parker v. Commissioner, 724 F.2d 469, 472 (5th Cir. 1984), affg. T.C. Memo. 1983-75; United States v. McCarty, 665 F.2d 596, 597 (5th Cir. 1982); Lonsdale v. Commissioner, supra.

We need not refute petitioners' arguments with "somber reasoning and copious citation of precedent", as "to do so might suggest that these arguments have some colorable merit." Crain v. Commissioner, supra at 1417. "The constitutionality of our income tax system--including the role played within that system by the Internal Revenue Service and the Tax Court--has long been established." Id. at 1417-1418.

3. Schedule C--Adjustments to Income

The determinations of the Commissioner in a notice of deficiency are presumed correct, and the burden is on the taxpayer to show that the determinations are incorrect. Rule 142(a); Welch v. Helvering, 290 U.S. 111, 115 (1933).[5]

---

[5] Sec. 7491 does not apply in this case to place the burden of proof on respondent because, among other reasons, the
(continued...)

The computation of income of a Schedule C business takes into account returns and allowances, cost of goods sold, and various business expenses. An adjustment to gross receipts for returns and allowances is made before an adjustment for cost of goods sold and is essentially the same as where goods are sold at a trade discount. Pittsburgh Milk Co. v. Commissioner, 26 T.C. 707, 716 (1956). Cost of goods sold is an offset subtracted from gross receipts in determining gross income. Sec. 1.61-3(a), Income Tax Regs. Accordingly, returns and allowances and cost of goods sold are not treated as deductions and are not subject to the limitations on deductions contained in sections 162 and 274. Metra Chem Corp. v. Commissioner, 88 T.C. 654, 661 (1987). However, any amount claimed as returns and allowances or cost of goods sold must be substantiated, and taxpayers are required to maintain records sufficient for this purpose. Sec. 6001; Wright v. Commissioner, T.C. Memo. 1993-27; sec. 1.6001-1(a), Income Tax Regs.

Deductions are a matter of legislative grace, and the taxpayer bears the burden of proving the entitlement to any deduction claimed. INDOPCO, Inc. v. Commissioner, 503 U.S. 79, 84 (1992); New Colonial Ice Co. v. Helvering, 292 U.S. 435, 440 (1934). A taxpayer is required to maintain records sufficient to

---

[5](...continued)
examination was commenced prior to July 22, 1998.

establish the amount of his or her income and deductions.  Sec. 6001; sec. 1.6001-1(a), (e), Income Tax Regs.

Section 162(a) allows a taxpayer to deduct ordinary and necessary business expenses paid or incurred during the taxable year in carrying on any trade or business.  To be "ordinary" the transaction which gives rise to the expense must be of a common or frequent occurrence in the type of business involved.  Deputy v. Du Pont, 308 U.S. 488, 495 (1940).  To be "necessary" an expense must be "appropriate and helpful" to the taxpayer's business.  Welch v. Helvering, supra at 113.  Additionally, the expenditure must be "directly connected with or pertaining to the taxpayer's trade or business".  Sec. 1.162-1(a), Income Tax Regs.

Generally, if a claimed business expense is deductible, but the taxpayer is unable to fully substantiate it, the Court is permitted to make as close an approximation as it can, bearing heavily against the taxpayer whose inexactitude is of his or her own making.  Cohan v. Commissioner, 39 F.2d 540, 543-544 (2d Cir. 1930).  The estimate must have a reasonable evidentiary basis.  Vanicek v. Commissioner, 85 T.C. 731, 743 (1985).  However, section 274 supersedes the Cohan doctrine, see sec. 1.274-5T(a), Temporary Income Tax Regs., 50 Fed. Reg. 46014 (Nov. 6, 1985), and requires strict substantiation of expenses for travel, meals and entertainment, and gifts, and with respect to any listed property as defined in section 280F(d)(4), sec. 274(d).  Listed

property includes any passenger automobile.  Sec.
280F(d)(4)(A)(i).

A taxpayer is required by section 274(d) to substantiate a
claimed expense by adequate records or by sufficient evidence
corroborating the taxpayer's own statement establishing the
amount, time, place, and business purpose of the expense.  Sec.
274(d).  Even if such an expense would otherwise be deductible,
the deduction may still be denied if there is insufficient
substantiation to support it.  Sec. 1.274-5T(a), Temporary Income
Tax Regs., supra.

At trial, petitioners failed to substantiate any of the
amounts claimed on the Schedules C that were disallowed in the
notice of deficiency.  The Court provided petitioners ample time
to present evidence establishing the correctness of amounts
claimed on the Schedules C.  However, petitioners presented
absolutely no evidence to establish that any of their documents
corresponded directly to amounts claimed on the Schedules C.  In
addition, Mr. Nunn presented false invoices and testimony lacking
credibility and truthfulness.  Therefore, the Court was unable to
apply the Cohan doctrine to the applicable items because there
was no reasonable evidentiary basis to form an estimate of
whether any of those items were allowable.

Instead of providing evidence in an attempt to substantiate
the amounts reported, petitioners chose to rely primarily on

frivolous tax-protester arguments.  Petitioners are not entitled to deductions for business expenses that are completely unsubstantiated.  Ronnen v. Commissioner, 90 T.C. 74, 102 (1988).

Petitioners have failed to meet their burden of proof with respect to the amounts reported on the Schedules C that were disallowed in the notice of deficiency.  Thus, petitioners are not entitled to any amounts claimed for returns and allowances, cost of goods sold, or business expense deductions reported on the Schedules C for the year at issue.  Respondent is sustained on this issue.

4.  Section 6651(a)(1) Addition to Tax

Respondent determined an addition to tax as a result of petitioners' failure to timely file their Federal income tax return for the year at issue.  Section 6651(a)(1) imposes an addition to tax for failure to file a timely tax return.  The addition to tax is equal to 5 percent of the amount of the tax required to be shown on the return if the failure to file is not for more than 1 month.  Sec. 6651(a)(1).  An additional 5 percent is imposed for each month or fraction thereof in which the failure to file continues, to a maximum of 25 percent of the tax. Id.  The addition to tax is imposed on the net amount due.  Sec. 6651(b).

The addition to tax is applicable unless a taxpayer establishes that the failure to file was due to reasonable cause

and not willful neglect.  Sec. 6651(a).  If a taxpayer exercised ordinary business care and prudence and was nonetheless unable to file the return within the date prescribed by law, then reasonable cause exists.  Sec. 301.6651-1(c)(1), Proced. & Admin. Regs.  "Willful neglect" means a "conscious, intentional failure or reckless indifference."  United States v. Boyle, 469 U.S. 241, 245 (1985).

At trial, Mr. Nunn testified that petitioners' 1993 Federal income tax return was not filed timely because he "procrastinated * * * and never got to it."  Additionally, Mr. Nunn claimed that he misunderstood the tax laws to allow for a late filing if the taxpayer was to receive a refund.

Petitioners' procrastination in filing a timely tax return is certainly not reasonable cause.  Petitioners failed to exercise ordinary care and willfully neglected to file their 1993 Federal tax return timely.

"As a general rule, taxpayers are charged with knowledge of the law."  Niedringhaus v. Commissioner, 99 T.C. 202, 222 (1992). A taxpayer need not be an expert in tax law to know that tax returns have fixed filing dates.  United States v. Boyle, supra at 251.  Petitioners' mistaken belief that they could file their tax return late because they were due a refund is not reasonable cause for failure to timely file a return.  See Linseman v.

Commissioner, 82 T.C. 514, 523 (1984); Bradley v. Commissioner, T.C. Memo. 1998-170.

Petitioners' 1993 Federal income tax return was due on April 15, 1994. Petitioners filed their return just under 3 years later and offered no rational explanation for their failure to file the return timely. Petitioners failed to show that they exercised ordinary care and prudence in this case. Accordingly, petitioners are liable for the addition to tax under section 6651(a)(1). Respondent is sustained on this issue.

5. Section 6662 Penalty

Section 6662 provides that if any portion of any underpayment is due to negligence, then a taxpayer will be liable for a penalty equal to 20 percent of the underpayment of tax required to be shown on the return that is attributable to the taxpayer's negligence or disregard of rules or regulations. See sec. 6662(a) and (b)(1). Negligence is defined as the "lack of due care or failure to do what a reasonable and ordinarily prudent person would do under the circumstances." Korshin v. Commissioner, 91 F.3d 670, 672 (4th Cir. 1996), affg. T.C. Memo. 1995-46. As pertinent here, "negligence" includes the failure to make a reasonable attempt to comply with the provisions of the Internal Revenue Code and also includes any failure to keep adequate books and records or to substantiate items properly. See sec. 6662(c); sec. 1.6662-3(b)(1), Income Tax Regs.

"Disregard" has been categorized as any careless, reckless, or intentional disregard.  Sec. 6662(c).

A taxpayer may avoid the accuracy-related penalty by showing that (1) there was reasonable cause for the underpayment, and (2) the taxpayer acted in good faith with respect to such underpayment.  See sec. 6664(c).  Whether the taxpayer acted with reasonable cause and in good faith is determined by the relevant facts and circumstances, and, most importantly, the extent to which he attempted to assess his proper tax liability.  See Neely v. Commissioner, 85 T.C. 934 (1985); Stubblefield v. Commissioner, T.C. Memo. 1996-537; sec. 1.6664-4(b)(1), Income Tax Regs.

It is petitioners' responsibility to establish that they are not liable for the accuracy-related negligence penalty imposed by section 6662(a).  See Rule 142(a); Tweeddale v. Commissioner, 92 T.C. 501, 505 (1989).

At trial, petitioners made no argument and offered absolutely no evidence to refute imposition of the section 6662 penalty.  Further, petitioners failed to establish that they acted with reasonable care and in good faith with respect to the 1993 underpayment.

Petitioners claimed various Schedule C deductions which they were unable to substantiate and disregarded the requirements of sections 162 and 274.  Additionally, petitioners failed to keep

adequate books and records, created false invoices, and presented documents not believed by the Court to be related to legitimate business expense deductions.  At a minimum, petitioners displayed a lack of due care and failed to act as reasonable, prudent persons would under the circumstances.

On the basis of the entire record, we find that petitioners were negligent and hold that petitioners are liable for an accuracy-related penalty under section 6662(a) for the 1993 tax year.  Respondent is sustained on this issue.

6.  <u>Section 6673 Penalty</u>

As relevant herein, section 6673(a)(1) authorizes the Tax Court to require a taxpayer to pay to the United States a penalty not in excess of $25,000 whenever it appears that proceedings have been instituted or maintained by the taxpayer primarily for delay or that the taxpayer's position in such proceeding is frivolous or groundless.

The record in this case is replete with numerous examples of instances where petitioners have delayed these proceedings, advanced frivolous and groundless arguments, and presented false documents to respondent and the Court.  See <u>supra</u> pp. 4-13.

For example, petitioners failed to (1) meet with respondent on several occasions, (2) enter into a stipulation of facts, (3) present organized documents, and (4) comply with a court order. Petitioners also presented tax-protester rhetoric at trial

despite several warnings from the Court that the arguments were frivolous and groundless and could subject petitioners to a penalty. In addition, the Court found that petitioners attempted to deceive respondent and the Court by creating false documents and that Mr. Nunn's overall testimony lacked credibility and truthfulness.

The record in this case provides ample support to convince us that petitioners were not interested in disputing the merits of the substantive issues in the case. We are convinced that petitioners instituted the present proceeding primarily for delay. In this regard, it is clear that petitioners considered this proceeding as nothing but a vehicle to protest the tax laws of this country and to espouse their own misguided views, which are frivolous and groundless. In short, having to deal with this matter wasted the Court's time, as well as respondent's, and taxpayers with genuine controversies may have been delayed.

Although the Court can demand a higher degree of responsibility from a member of the bar, litigants cannot be treated as free to advance frivolous claims merely because they appear without counsel. Where pro se litigants are warned that their claims are frivolous, as petitioners were several times, and where they are aware of the ample legal authority holding squarely against them, a penalty is appropriate. See Lonsdale v.

<u>Commissioner</u>, 661 F.2d at 72; <u>Coulter v. Commissioner</u>, 82 T.C. 580, 584-586 (1984).

Petitioners cited the Internal Revenue Code, the Constitution, and various cases. We have no doubt that petitioners were thoroughly familiar with the precedent which uniformly denied validity to their position. The Court informed petitioners several times of the frivolous and groundless nature of their claims. In addition, the Court warned petitioners four times that their stale and baseless arguments could subject them to a penalty up to $25,000. Nevertheless, petitioners chose to ignore well-established precedent of this and other Federal courts and pursue instead their tax-protester rhetoric.

Previously, on its own motion, this Court has awarded damages to the United States under section 6673 where the taxpayer advanced frivolous and groundless contentions similar to those advanced by petitioners. See <u>Abrams v. Commissioner</u>, 82 T.C. 403, 408-413 (1984); <u>Coulter v. Commissioner</u>, <u>supra</u>.

In view of petitioners' egregious conduct in this case, we will exercise our discretion under section 6673(a)(1) and require

petitioners to pay a penalty to the United States in the amount of $7,500.

To reflect the foregoing,

<u>An appropriate order denying respondent's motion will be issued, and decision will be entered for respondent</u>.