T.C. Memo. 2017-210

UNITED STATES TAX COURT

THOMAS R. HUZELLA AND CAROLE L. HUZELLA, DECEASED, Petitioners
<u>v</u>. COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 18119-15.                    Filed October 23, 2017.

Thomas R. Huzella, pro se.

<u>Bartholomew Cirenza</u> and <u>Trevor B. Maddison</u>, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

LAUBER, <u>Judge</u>:  With respect to petitioners' Federal income tax for 2013, the Internal Revenue Service (IRS or respondent) has asserted an increased deficiency of $12,905 and an accuracy-related penalty of $2,581 under section 6662(a).[1]

--------

[1]All statutory references are to the Internal Revenue Code (Code) in effect
(continued...)

[*2] The principal question for decision is whether petitioner husband, Thomas R. Huzella (petitioner), has substantiated cost of goods sold and expense deductions for his sales business on eBay.com (eBay).  We find that he has done so in part.  To the extent that the Rule 155 computation shows a substantial understatement of income tax, we conclude that he is also liable for an accuracy-related penalty.

                              FINDINGS OF FACT

    The parties filed a stipulation of facts with attached exhibits that is incorporated by this reference.  Petitioners resided in Virginia when they filed their petition.[2]

    Petitioner has been collecting coins since 1958.  His father also collected coins, and some of those coins eventually found their way into petitioner's own collection.  Petitioner has no records to establish his basis in any of his coins, whether acquired by inheritance, gift, purchase, or trade.  He likewise has no records to establish the date on which he acquired any of his coins.

---

[1](...continued)
for the tax year at issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.  We round all monetary amounts to the nearest dollar.

[2]Carole L. Huzella died shortly after this case was tried.  By order dated July 25, 2017, we amended the caption accordingly.

**[*3]** Petitioner was not employed during 2013. During that year he actively engaged in buying and selling on eBay coins and related items (chiefly silver ingots and items issued by the Franklin Mint). He received payments through PayPal, Inc. (PayPal), for all items sold. These payments were reflected on a Form 1099-K, Payment Card and Third Party Network Transactions, issued by PayPal. This Form 1099-K reported for 2013 aggregate payments of $37,013, which consisted of 399 separate payment transactions during the year.

Petitioner incurred costs in carrying on his eBay coin dealer business. These included fees paid to eBay and PayPal as well as expenses for use of the internet. He also incurred costs (chiefly packaging and postage) for shipping to buyers the items he sold on eBay.

Petitioner and his wife jointly filed for 2013 a timely Form 1040, U.S. Individual Income Tax Return. On line 20a they reported Social Security benefits of $28,175 but showed the "taxable amount" on line 20b as zero. They included in this return a Schedule C, Profit or Loss From Business, for petitioner's wife, but no Schedule C for petitioner's eBay coin dealer business.

The IRS selected this return for examination. It determined that $6,024 of the reported Social Security benefits was taxable. (Petitioner does not challenge this determination.) The IRS also determined, on the basis of the Form 1099-K

**[*4]** supplied by PayPal, that petitioner had received $37,013 from third-party network transactions.  The ensuing notice of deficiency, however, erroneously stated that $24,056 of these receipts had been "shown on * * * [petitioner's] return."  The IRS thus treated as unreported income only the supposed difference ($37,013 – $24,056 = $12,957), and on that basis determined a deficiency of $3,563.

Petitioner and his wife timely petitioned this Court.  On December 15, 2016, we granted respondent leave to amend his answer to correct the error in the notice of deficiency.  In his amended answer respondent alleges that petitioner had unreported income of $37,013 from his eBay coin dealer business, the full amount reported by PayPal on the Form 1099-K, and thus asserts an increased deficiency of $12,905.  Alleging that this additional unreported income gives rise to a "substantial understatement of income tax" under section 6662(d), respondent in his amended answer also asserts an accuracy-related penalty under section 6662(a) and (b)(2).

## OPINION

The IRS' determinations in a notice of deficiency are generally presumed correct, and taxpayers bear the burden of proving them erroneous.  Rule 142(a); Welch v. Helvering, 290 U.S. 111, 115 (1933).  Taxpayers bear the burden of

**[*5]** proving their entitlement to deductions allowed by the Code and of substantiating the amounts of claimed deductions. INDOPCO, Inc. v. Commissioner, 503 U.S. 79, 84 (1992); sec. 1.6001-1(a), Income Tax Regs. Petitioner does not contend, and he could not plausibly contend, that the burden of proof should shift to respondent under section 7491(a). However, respondent does bear the burden of proof as to the "increase[] in deficiency" and also as to the accuracy-related penalty, which constitutes a "new matter * * * pleaded in the answer." See Rule 142(a)(1).

A.    The eBay Sales Business

Respondent concedes that petitioner was engaged during 2013 in a "trade or business" with the intent to earn a profit. See secs. 162(a), 183(a). Petitioner concedes that he derived, but failed to report, gross proceeds of $37,013 from his eBay sales business. The issues in dispute concern petitioner's deductible expenses and cost of goods sold.

Deductions are a matter of legislative grace. Taxpayers bear the burden of proving that claimed business expenses were actually incurred and were "ordinary and necessary." Sec. 162(a); Rule 142(a). Taxpayers also bear the burden of substantiating expenses underlying their claimed deductions by keeping and producing records sufficient to enable the IRS to determine the correct tax liability. Sec.

[*6] 1.6001-1(a), (e), Income Tax Regs.  The failure to keep and present such records counts heavily against taxpayers' attempted proof.  Rogers v. Commissioner, T.C. Memo. 2014-141, 108 T.C.M. (CCH) 39, 43.

Respondent concedes that petitioner is entitled to deductions of $942 for PayPal fees, $2,188 for eBay fees, and $600 for internet charges.  Having evaluated petitioner's testimony and the evidence as a whole, we find that he is also entitled to deductions of $600 for postage and $100 for packaging costs.  See Cohan v. Commissioner, 39 F.2d 540, 542-544 (2d Cir. 1930).  Ignoring cost of goods sold, petitioner's allowable Schedule C deductions for 2013 thus total $4,430.[3]

"Cost of goods sold" is an offset subtracted from gross receipts in determining gross income.  Sec. 1.61-3(a), Income Tax Regs.  Technically speaking, cost of goods sold is not a "deduction."  See Metra Chem Corp. v. Commissioner, 88 T.C. 654, 661 (1987).  Any amount claimed as cost of goods sold must be substantiated, and taxpayers are required to maintain records sufficient for this pur-

---

[3]Petitioner urges that he be allowed a deduction of $256 for mileage expenses incurred in driving to the post office to mail items to his eBay purchasers. Automobile expenses are subject to the heightened substantiation requirements of section 274.  See sec. 280F(d)(4)(A)(i); Fernandez v. Commissioner, T.C. Memo. 2011-216.  Petitioner offered no substantiation whatever for these alleged expenses and thus failed to discharge his burden of proof.

**[*7]** pose.  Sec. 6001; <u>Nunn v. Commissioner</u>, T.C. Memo. 2002-250, 84 T.C.M. (CCH) 403, 408; sec. 1.6001-1(a), Income Tax Regs.

If a taxpayer with inadequate business records proves that he incurred certain expenses but cannot substantiate the exact amount, the Court in appropriate circumstances may estimate the amount allowable.  <u>Cohan</u>, 39 F.2d at 542-544; <u>Key Carpets, Inc. v. Commissioner</u>, T.C. Memo. 2016-30, 111 T.C.M. (CCH) 1126, 1128.  But the Court is not required to guess at a number; rather, "we must have some basis upon which an estimate may be made."  <u>Polyak v. Commissioner</u>, 94 T.C. 337, 346 (1990); <u>Vanicek v. Commissioner</u>, 85 T.C. 731, 743 (1985).  In making an estimate under the <u>Cohan</u> rule, the Court "bear[s] heavily * * * upon the taxpayer whose inexactitude is of his own making."  <u>Cohan</u>, 39 F.2d at 544.

This Court has applied the <u>Cohan</u> rule or similar principles to estimate a taxpayer's basis in property and cost of goods sold.  <u>See, e.g.</u>, <u>Ternovsky v. Commissioner</u>, 66 T.C. 695, 698 (1976); <u>Alameda Realty Corp. v. Commissioner</u>, 42 T.C. 273, 283 (1964); <u>Wheeler v. Commissioner</u>, T.C. Memo. 2014-204, 108 T.C.M. (CCH) 388, 390 ("In certain circumstances, we may use the <u>Cohan</u> rule to estimate a taxpayer's basis in an asset.").  But "[i]n order for the Court to estimate basis, the taxpayer must provide some 'reasonable evidentiary basis' for the esti-

**[*8]** mate." <u>Wheeler</u>, 108 T.C.M. (CCH) at 390 (citing <u>Grp. Admin. Premium Servs., Inc. v. Commissioner</u>, T.C. Memo. 1996-451).

Petitioner maintained no records of any kind to establish his cost or other bases in the coins and related items that he sold on eBay. When the case was initially called for trial, petitioner said that he had purchased on eBay many of the items he later sold. He accordingly sought, and we granted, a continuance to afford him time to secure records from eBay that would substantiate his bases.

Although the case was continued for three months, petitioner did not present at trial any documentation from eBay to establish his acquisition cost for any of the items. Rather, he submitted eBay records of his sales and listing transactions, which provide a detailed description of each item listed for sale. He also submitted coin catalogs from 2011 and 2013 and charts tracking the market prices of silver during 2010-2013.

Petitioner testified that he turned over his inventory fairly quickly and that he had purchased fairly recently on eBay many of the items he sold there. The eBay sales records support his testimony to some degree. Many of the items listed (such as silver ingots and Franklin Mint items) appear to have been issued during 2013. Most of these items were sold in the second half of 2013 and therefore are unlikely to have appreciated significantly in less than a year. On the other hand,

**[*9]** petitioner had been collecting coins since 1958, and he had acquired some of his coins not by purchase but by gift or inheritance.

Evaluating petitioner's testimony and the evidence as a whole, we find that petitioner has substantiated a cost of goods sold of $12,000. He is thus taxable for 2013 on Schedule C net income of $20,583 (gross receipts of $37,013, less cost of goods sold of $12,000 and total allowable deductions of $4,430).

B.     Accuracy-Related Penalty

The Code imposes a 20% penalty upon the portion of any underpayment of tax attributable to "[n]egligence or disregard of rules and regulations" or "[a]ny substantial understatement of income tax." Sec. 6662(a) and (b)(1) and (2). An understatement of income tax by an individual taxpayer is "substantial" if it exceeds the greater of $5,000 or 10% of the tax required to be shown on the return. Sec. 6662(d)(1)(A).

Under section 7491(c) respondent bears the burden of production with respect to the liability of any individual for any penalty. See Higbee v. Commissioner, 116 T.C. 438, 446 (2001). Because the IRS asserted the penalty in an amendment to answer, respondent also bears the burden of proof. See Rule 142(a)(1). In order to carry his burden of proof, respondent must show that petitioner did not have reasonable cause for, and did not act in good faith with respect

**[\*10]** to, the underpayment of tax. See sec. 6664(c)(1). The decision as to whether the taxpayer acted with reasonable cause and in good faith is made on a case-by-case basis, taking into account all pertinent facts and circumstances. See sec. 1.6664-4(b)(1), Income Tax Regs. Circumstances that may signal reasonable cause and good faith include (among other things) an honest misunderstanding of fact or law that is reasonable in light of all of the facts and circumstances, including the taxpayer's experience, knowledge, and education. Ibid. The most important factor is the taxpayer's efforts to assess his tax liability correctly. Ibid.

We find that respondent has carried his burden of proving that petitioner did not make a good-faith effort to determine his Federal income tax liability correctly. Petitioner did not include in his tax return a Schedule C for his eBay sales business; he did not report any of his $37,013 gross receipts on his tax return; and he did not maintain accurate records of his expenses and cost of goods sold. Thus, if the Rule 155 computation shows that the understatement of income tax for 2013 exceeds the greater of $5,000 or 10% of the amount required to be shown on the return, we conclude that the underpayment is attributable to a substantial understatement of income tax and that no reasonable cause exists for the understatement, rendering petitioner liable for an accuracy-related penalty.

**[*11]** To reflect the foregoing,

<u>Decision will be entered under</u>

<u>Rule 155</u>.